In the Matter of the Application of THE J. W. ROWE COMPANY, INC., Appellant, for an Order Requiring ADOLPH M. SCHWARZ, an Attorney, Respondent, to Pay over Moneys Received by Him Belonging to THE J. W. ROWE COMPANY, INC.

First Department, March 19, 1920.

**Attorney and client — summary proceeding to compel attorney to pay over — when proceeding does not lie — embezzlement of money by agent employed to collect claims in other States — unprofessional conduct — letterhead falsely indicating that attorney is licensed to practice in other States.**

An attorney authorized to practice law in the State of New York, but not authorized to practice in any other State, who maintains a commercial collection bureau in the State of Pennsylvania, which was managed by his agent, cannot be required by summary proceedings to pay over moneys which were collected on a claim by his foreign agent and embezzled by him, where the client for whom the money was collected corresponded solely with the Pennsylvania agency and had no knowledge whatever that the respondent was an attorney at law practicing in this State. The redress of the client must be sought otherwise than by a summary proceeding.

However, it was gross professional misconduct for such attorney to use a letterhead indicating that he maintained offices in various cities in other States where he was not authorized to practice, for such letterhead was calculated to deceive the public and the matter should be called to the attention of the New York County Lawyers Association for the institution of proper disciplinary proceedings.

APPEAL by The J. W. Rowe Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York, denying appellant's motion in summary proceedings to compel an attorney to pay over certain moneys.

*S. Hanford* of counsel [*Charles E. Lydecker* with him on the brief], for the appellant.

*Herbert C. Smyth* of counsel [*Adolph M. Schwarz*, attorney], for the respondent.

DOWLING, J.:

The respondent is an attorney, admitted to practice in the State of New York.  He maintains an office in the city of New York.  The letterheads used by him in the correspondence in evidence sent from such office are as follows:

"ADOLPH M. SCHWARZ,
"Attorney and Counselor at Law.
" 299 Broadway, New York.

" Boston                                  Chicago
  " Kimball Building                 First Nat'l B'k Bldg.
" Philadelphia                          Cleveland
  " Land Title Building            Leader Building
" Pittsburg                              Detroit
  " Frick Building                     Dime Bank  Building
      " Private Office."

The appellant is a corporation organized under the laws of the State of Virginia.  Before October 1, 1918, it placed in the hands of respondent for collection a claim amounting to $400.47 against a company doing business at Williamsburg, Va.  This claim was not sent to the respondent's New York office, but was sent to Adolph M. Schwarz, 414 Frick Building, Pittsburg, Penn.  At that address the respondent maintained and conducted a collection agency and the letterheads used in the correspondence conducted therefrom with appellant were as follows:

"ADOLPH M. SCHWARZ,
                              " Phone 5254 Grant.
  " Commercial Collections Everywhere,
      " 414-15-16 Frick Building,
          " Pittsburg, Pa."

This office was in charge of a representative of respondent, one Leder, whose initials are attached to the letters sent out to appellant from the Pittsburg office.  Respondent was never admitted to practice as an attorney in the State of Pennsylvania.

On October 2, 1918, appellant was asked to send a check for twenty-five dollars " to cover the necessary preliminary court costs," which it did, mailing it to the Pittsburg office.

The claim in question was collected by the respondent without suit. It was paid by the check of the debtor to the order of respondent dated October 25, 1918, and was deposited in a Pittsburg bank, the indorsement being made by means of a rubber stamp. Appellant received no remittance or information from the Pittsburg office on the claim. Being advised in July, 1919, that the claim had been paid by the debtor, the appellant on July eighth telegraphed to the Pittsburg office that it understood the claim had been paid and, receiving no reply, wrote to the same office on July fifteenth. None of these letters is written to respondent as an attorney, and when the final letter was sent the threat was made that unless an immediate reply was made the matter would be turned over to the post office authorities.

This led to the first response coming directly from respondent, and written on his New York letterheads, which designated him as an attorney and counselor at law. In this letter, dated July 22, 1919, respondent quoted the status of various other claims put in his hands by appellant which was taken from the " Pittsburg books of accounts here," and he asked " what evidence you have in your possession of the collection " of the claim in question. On the same day respondent telegraphed from New York to the debtor, asking full particulars of the alleged payment and who was indorsee on the check. A copy of this telegram was sent to appellant, which replied in a letter of July 24, 1919, which upon its face is a communication to a collection agency, and not to an attorney. To this respondent replied by a lengthy letter under date of July 27, 1919, advising appellant that he had just returned from Pittsburg where he had his former manager Leder arrested; that Leder had promised to make good to respondent from $8,000 to $10,000; that a cashier's check had been issued by the Bank of Pittsburg for the amount due respondent and then collected by Leder upon a forged indorsement after depositing it in his (Leder's) own personal account. Respondent claimed the Bank of Pittsburg was responsible to appellant for having paid the check upon a forgery of appellant's indorsement by which Leder alone profited. Appellant pressed for the return of the other claims in respondent's hands for collection, and respondent continued urging that

they be not withdrawn. Appellant also insisted that it be paid at once the amount collected on the claim in question, and refused to accede to respondent's suggestions that he proceed against the Bank of Pittsburg. Nothing ever was paid by respondent and this summary proceeding was brought to compel respondent to pay over to appellant the sum of $313.74, the amount collected less charges and the further sum of $25 advanced for possible costs, but never used.

I think it is clear from all the correspondence herein that appellant did not retain respondent as an attorney, but as the proprietor of a collection agency. Respondent was not admitted to practice in either Pennsylvania or Virginia. Appellant did not retain his services at his New York office, where he represented himself as an attorney, but at his Pittsburg office, where he conducted a commercial collection agency only. This was an employment by a Virginia corporation of a Pennsylvania agency to collect a debt due from a Virginia company. No services whatever were performed by respondent in the State of New York in relation to this claim. He could not lawfully tender legal services in either Virginia or Pennsylvania and did not attempt so to do. Appellant did not rely upon respondent's membership in the bar of New York in sending him its claims for collection. For aught that appears, it never knew that he was a New York attorney, or an attorney of any State. It wanted a claim collected and put it in the hands of a commercial agency at Pittsburg. No letterhead bearing respondent's name as an attorney came to appellant's knowledge, so far as the record shows, until nine months after the claim had been sent to the Pittsburg office, and when respondent was trying to establish responsibility for the misappropriations in that office, which were traced to his manager there. There is no claim that respondent ever profited by the moneys diverted to the personal account of the manager, and while he never paid appellant the amount due, he had himself received no benefit by the transaction and was trying to put the burden of payment upon the Bank of Pittsburg, which had paid out the money on forged indorsements, and under circumstances which he thought made it liable.

In my opinion the relation of attorney and client never

existed between appellant and respondent. Appellant simply retained a collection agency in Pittsburg maintained by respondent, and its remedy must be sought otherwise than by a summary proceeding.

We think this record discloses matters, however, which should be the subject of investigation. Respondent is an attorney in this State. He uses a letterhead, quoted above, which is calculated to create the impression that he maintains other offices as an attorney in the cities therein enumerated at the places designated. He has no office as an attorney at the Frick Building in Pittsburg, Penn., and he is not authorized to practice law in that State. What he maintains there is only a collection agency. An attorney has no right to use a deceptive and misleading caption on his office stationery, intended to obtain business upon the faith of his professional character, when in fact he cannot act in such a capacity in one at least of the localities listed. It would be a fraud upon the public to allow an attorney to induce the placing of matters in his hands by a representation that he was an attorney practicing in various States and then have him resist the enforcement of the usual remedies applicable to the protection of a client's rights, upon the ground that he was not qualified as an attorney in the State where a collection was to be made, and, therefore, could not be held to the strict accountability incident to the professional relationship.

In this proceeding there is no proof that appellant ever saw respondent's letterheads until long after it placed its claims in the hands of its out of town agency for collection, nor that it relied upon his professional character as a New York attorney in intrusting him with its collections outside of this State, for all its claims put in the hands of the Pittsburg agency were against debtors living in Virginia. But the respondent's methods of doing business were severely criticized by the court (*Matter of Schwarz*, 175 App. Div. 335), and it was only in view of his representation that he would " cheerfully accept and faithfully abide by the rule of guidance thus laid down " that the action taken was limited to what was said by the presiding justice: " We are of the opinion that the proper disposition of this proceeding is to express our emphatic disapproval of the advertising and soliciting methods of respondent and

severely censure him therefor. Upon his refraining from further use of such methods no further action will be taken. Respondent and the bar generally are warned that such conduct is not to be tolerated, and repetition thereof will lead to disbarment." Mr. Justice SCOTT, however, dissented, saying: " I fully agree that the respondent should be disciplined, but I am not content to concur in a mere censure. If the respondent's practices are reprehensible, the case is so flagrant that nothing short of disbarment seems to me to be adequate."

The facts disclosed by this proceeding seem to me to call for investigation as to whether respondent's representations contained in his New York office letter were intended and calculated to deceive, and whether in fact that result has been accomplished to the damage and loss of those intrusting business to him, and the matter should, therefore, be referred for appropriate action to the New York County Lawyers Association, which instituted the original disciplinary proceedings against him.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.