JOSEPH M. ALBERTSON, ASSIGNEE *v.* BRAY WOOD HEEL COMPANY, INC.

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 4, 1943.

*Raymond L. Miles* for the defendant.

*Lee E. Emerson* for the plaintiff.

SHERBURNE, J. The replevin writ in this case is in the statutory form, and the plaintiff throughout is described as "Joseph M. Albertson, as assignee of Merrimack Sawdust Company." The writ was dated October 27, 1941, and was entered in court on October 28, 1941. The defendant appeared specially, and on February 28, 1942, filed a motion to dismiss on the ground that the complaint fails to allege that plaintiff is the bona fide owner of the right to replevy the property, and fails to state when and how the plaintiff acquired title to said right, as provided by P. L. 1583, and wholly fails to comply with the provisions thereof. The motion was overruled and defendant excepted. We pass over the effect of failure to file the motion within the time allowed for dilatory pleading (See *Wade* v. *Wade's Admr.*, 81 Vt 275, 280, 69 A 826), and come directly to the merits. Under P. L. 1583 the assignee and bona fide owner of a non-negotiable chose in action may sue thereon in his own name, but he shall allege in his complaint that he is the actual bona fide owner thereof, and set forth when and how he acquired title thereto. The motion presents the question as to whether compliance with this statute was necessary to make the writ valid process.

A motion to dismiss challenges only what appears of record, and does not reach defects that require extrinsic proof to establish. *In re Everett Estate,* 112 Vt 252, 254, 23 A2d 202; and cases cited.

For aught that appears in the writ the words "as assignee of Merrimack Sawdust Company" may be descriptive and may be rejected as surplusage. *Rich, Exrs.* v. *Sowles, Admr.*, 64 Vt 408, 410, 23 A 723, 15 LRA 850. Again, for aught that appears, the articles replevied may have been unlawfully removed from the rightful possession of the plaintiff by the defendant, in which event there could be no question of the right of the plaintiff to maintain the action as assignee, or of the validity of the process. It may be that, had the writ not been amended, the plaintiff might

have had difficulty in his proof, but the matters mentioned in the motion were not necessary to a valid writ. The amendment introduced no new cause of action, but was for the same matter more fully or differently laid, and was properly allowed under P. L. 1579. *Myers* v. *Lyon,* 51 Vt 272; *Powell* v. *Rockwell,* 97 Vt 528, 124 A 567. The ruling was without error.

After the motion was overruled the defendant appeared generally and filed an answer, and later, by leave of court, the plaintiff filed a replication asserting a waiver of the special matter alleged in the answer. There was a trial by court, findings were made, and judgment was entered for the plaintiff.

The findings, so far as material to the exceptions briefed, show the following facts: The plaintiff is the assignee for the benefit of creditors of the Merrimack Sawdust Company, and acquired title to the sawdust machinery here in question by an assignment made at Haverhill, Massachusetts, and dated May 14, 1941. The assignment contains among others the following provisions:

> (a) "And said parties of the third part do hereby severally and respectively agree to accept and take in full payment, satisfaction and discharge (excepting as hereinafter provided) of all and singular their debts, claims, demands and causes of action against said party of the first part, or either of them, which are provable against the estates of insolvent debtors under the laws of said Commonwealth, existing at the date hereof, whether payable now or at some future time, the dividends which shall be payable to said parties of the third part, respectively, under the provisions of this agreement"
>
> (b) "And provided, further, that no party of the third part holding security shall or does hereby release or impair or in any manner affect his right to such security."

"Parties of the third part" as used therein are the assenting creditors. In July, 1941, the defendant assented to the terms of the assignment in a writing dated May 14, 1941, by it signed, in which it agreed to become a party to the assignment as assenting creditor, and in accordance with the provisions thereof to accept in full

payment of its debt, claim and demand the dividend which should be paid thereunder, and to release, acquit and discharge the debtor from such debt, claim and demand as therein provided. Finding No. 6. With the assent the defendant filed a claim against the assignee for the following items:

"Sept. Empty bags due on shipment  200.00
Dec. Credit deducted by Merrimack not al-
lowed by Bray Wood Heel Co.  15.00
Trade Acceptance due May 17, 1941  224.53
—————
439.53"

Finding No. 7. The Merrimack Sawdust Company furnished the sawdust making machinery to the defendant under an agreement entered into December 23, 1935, under which the defendant was to manufacture sawdust and sell the same to it, and use the machinery in its manufacture. That corporation and the plaintiff as assignee have at all times material been the bona fide owners of the legal title to this machinery. On September 19, 1939, the Merrimack Sawdust Company, by its agent, Charles Beede, entered into a second agreement with the defendant. This agreement was in effect at the time of the assignment, and contained, among others, the following provisions:

"2. Beede also agrees to pay all sawdust bills in cash 30 days from date of invoice.
7. Bray agrees not to ship any other customer so long as Beede does not fail to fulfill the above.
10. This agreement shall continue for one year, and then indefinitely until either party gives notice, and then Bray shall ship for 60 days and Beede agrees to accept shipment of material during this time.
11. Should Beede fail to comply with any of the above items Bray shall have the privilege of selling the sawdust to other users."

At the time of the assignment the Merrimack Sawdust Company was in default under No. 2 above. After the assignment the defendant realized that the plaintiff assignee was not in the market

for sawdust, and agreed to and did furnish sawdust to Beede, then doing business as the New England Sawdust Company. Finding No. 13. The property was removed on the writ in this case on October 27, 1941, after a formal demand, made on a previous date upon the defendant by the plaintiff for its return, and its refusal. At no time prior to such removal did the defendant claim or attempt to enforce against the plaintiff assignee any rights under the agreement of September 19, 1939. Finding No. 14. We quote finding 14½:

> "14½. The defendant waived any rights which it may have had against the plaintiff assignee under the contract of September 19, 1939, by the following conduct:
>   (a) Its consent to the assignment (Finding No. 6).
>   (b) Its failure to file with the plaintiff assignee a claim of rights under said contract. (Finding No. 7).
>   (c) Its independent agreement to furnish sawdust to Charles Beede, and action thereunder (Finding No. 13).
>   (d) Its failure to claim or attempt to enforce against plaintiff any rights under said contract (Finding No. 14)"

Prior to the assignment there was a fire at defendant's place of business in which this property was damaged. At the request of Beede, acting for the Merrimack Sawdust Company, the defendant repaired it, and the Merrimack Sawdust Company agreed to pay for the repairs. The fair value of these repairs, all made prior to the assignment, was $200.00. No claim for a lien for these repairs was made until after the property was replevied. After the demand for the return of the property, but before it was replevied, the defendant removed various parts which it had supplied to repair the property. The value of such parts was $200.00. This action was found to be inconsistent with the claim of a lien for repairs.

The defendant has only briefed exceptions to finding 14½, to the failure to find as requested;

"When defendant assented to the assignment and sent in a bill for $439.53 accompanying the assent the assent to the assignment contemplated only that defendant would accept in full settlement any dividend paid on the bill presented in full settlement of such bill, and no other release of any other rights was intended."

and to the judgment.

It is here contended by the defendant that under the terms of the agreement with the Merrimack Sawdust Company it had a right to hold and use the machinery after the assignment, and that the plaintiff had no right to remove it until at least 60 days notice of intention to terminate was given, and that it was entitled to damages because of the removal. The plaintiff questions the sufficiency of defendant's exceptions to merit consideration, but for our purposes in disposing of the case we will assume that the exceptions were properly saved, and that the court should not have made finding 14½, and should have complied with the request to find, and will pass directly to the question as to whether the judgment can be sustained with the findings so amended.

■ Our often repeated rule is, that this Court will presume in favor of the judgment that the court below inferred such facts from those certified up as it ought to have inferred, or as it fairly might have inferred. *Labor* v. *Carpenter,* 102 Vt 418, 422, 148 A 867; *University of Vermont* v. *Wilber's Estate,* 105 Vt 147, 174, 163 A 572; *Fair Haven* v. *Stannard,* 111 Vt 49, 53, 10 A2d 214. Under this rule might the court have fairly inferred that the defendant waived its rights under the agreement, or that the defendant by its conduct terminated its right to the possession of the machinery?

■ A waiver is an intentional relinquishment of a known right, and the essence of it is voluntary choice, not mere negligence. *Mears* v. *Farmers Coop. Fire Ins. Co.,* 112 Vt 519, 522, 28 A2d 699; *Burlington Grocery Co.* v. *McGreggs,* 97 Vt 63, 73, 122 A 479; *Barber* v. *Vinton,* 82 Vt 327, 334, 73 A 881. The intention need not be expressed, but must be evidenced by conduct of an unequivocal character. *Mears* v. *Farmers Coop. Fire Ins. Co., supra; West River Power Co.* v. *Bussino,* 111 Vt 137, 139, 11

A2d 263; *Dunbar* v. *Farnum,* 109 Vt 313, 322, 196 A 237, 114 ALR 996; *Barber* v. *Vinton, supra.*

The significant finding is, that after the demand and before the replevin of the property the defendant removed various parts which he had supplied to repair the property after the fire. Such conduct was as inconsistent with a claim under the agreement of 1939 as with a lien for repairs. This conduct is to be viewed in the setting of the other facts found, that the defendant knew of and had assented to the assignment, and never had claimed or attempted to enforce against the plaintiff any rights under the agreement, even when a demand was made for the return of the property. The purpose of the assignment was to liquidate the property of the Merrimack Sawdust Company and divide the proceeds among the creditors, as the defendant must have known, and this machinery was a part of the property to be so liquidated. It realized that the plaintiff assignee was not in the market for sawdust, as the purpose of such an assignment is not a continuance of the assignor's business further than necessary to wind it up and liquidate assets. Instead of 60 days after the assignment the defendant had retained the machinery for over 5 months, and had used it to make sawdust to sell elsewhere.

By removal of the parts the machinery was made unusable. Such conduct was inconsistent with the bailment. The inference is that some of the parts became accretions to, and merged in, the machinery. See *Clark* v. *Wells,* 45 Vt 4, 12 Am Rep 187. The removal of such parts was a wilful misuse and abuse of the machinery and put an end to the defendant's right to its possession. *Swift* v. *Moseley,* 10 Vt 208, 33 Am Dec 197; *Vt. Acceptance Corp.* v. *Wiltshire,* 103 Vt 219, 226, 153 A 199, 73 ALR 792.

From the facts found both a waiver and a termination of the right to possession may fairly be inferred. The findings sustain the judgment.

*Judgment affirmed.*