# Elwin L. Bresette v. James E. Knapp

[159 A.2d 329]

January Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed March 2, 1960

*Abare & Sargent* for the plaintiff.

*Lee E. Emerson* for the defendant and *James E. Knapp, pro se.*

**Hulburd, C. J.** The plaintiff is asking to recover damages from the defendant, an attorney-at-law. He alleges that having retained and employed the defendant as his

attorney with respect to a certain action, that the latter did "so negligently attend the plaintiff's claim that, by and through defendant's want to exercise his skill, care and competency that the claim of the plaintiff against Wilfred Gauthier and the City of Montpelier for damages was lost to the plaintiff and rendered worthless because of the operation and running of the statute of limitations."

At the trial below it was the defendant's claim that he was never engaged by the plaintiff as his attorney, and the findings of the court below were to this effect. The court found that the defendant is an attorney-at-law, having been admitted to practice in the fall of 1939. In June 1951 the defendant and his wife rented an apartment of the plaintiff in Montpelier. Prior to this the parties had not known each other but they soon became very friendly and frequently visited each other. In January 1952 the plaintiff was involved in an automobile accident in which the vehicle that was being driven by the plaintiff was struck in the rear by a truck owned by the city of Montpelier and driven by one Wilfred Gauthier. This accident became a topic of conversation between the parties. The plaintiff had received an offer of three hundred dollars in settlement of his claim arising out of the accident. He was dissatisfied with it. After having talked the matter over with the defendant, the plaintiff asked the defendant to intercede for him with the adjuster of the insurance company. The defendant did so, and as a result of his efforts, managed to secure an offer of settlement of eleven hundred dollars, which he reported to the plaintiff. All this the defendant did without charge. Although the defendant advised the plaintiff to accept the eleven hundred dollar offer, the plaintiff would not do so. Instead he began talking about bringing suit. At this point the defendant told the plaintiff that if the defendant brought suit for him, a suit fee of fifty dollars would have to be paid him before a suit was originated. This was never paid and the defendant never brought suit for the plaintiff. In the meantime, within the three year period following the accident, the plaintiff had advised with two other Montpelier lawyers with respect to the statute of limitations as applied to his accident.

The court made further findings relating to the circumstances of the plaintiff's accident, his injuries, and damage which resulted, but for the purposes of this review it is unnecessary to detail these matters. This leaves but two other findings which stand challenged in the plaintiff's brief.

Before taking up these two findings, we have a preliminary matter which must be considered.

The case came on for hearing by court on May 25, 1959. On June 15, 1959 the court made and filed findings of fact in the case. The plaintiff filed no exceptions to the findings of fact, nor made any other move prior to July 29, 1959, at which time he filed a notice of appeal stating that, having received a conformed copy of a judgment order in favor of the defendant dated July 20, 1959, he filed his appeal in compliance with the provisions of §46 of No. 261 of the Acts of 1959.

In this situation we are faced with a preliminary question, namely, since the new procedural statute did not come into effect until July 1st, is the plaintiff in a position to question findings previously made on June 15th to which he filed no exceptions?

■ ■ Under the new Procedure Act (See 12 V. S. A. §2385) exceptions or objections to the findings become no longer necessary. Since this is so and since the act was one pertaining to the method of judicial procedure, merely, its operation was retroactive and hence the plaintiff is entitled to avail himself of its provisions. *Mount Ida School, Inc.* v. *Gilman,* 97 Vt. 331, 333, 123 A. 198. It becomes the duty of this Court, therefore, to follow the procedure set forth in 12 V. S. A. §2385 insofar as the appellant has brought himself within its provisions. This means that regardless of the fact that no exceptions or objections were made to any of the findings below, nevertheless we will consider the question of the sufficiency of the evidence to support a specific finding if raised by the appellant's brief. Requirements as to briefing remain unchanged. Indeed, the brief, perhaps, takes on new importance in connection with findings of fact since it now has the office of first raising the objection and then demonstrating that it is well founded.

We are now ready to turn to the two findings to which the plaintiff has raised objection. The first of these is finding 14, which reads as follows:

"After plaintiff's accident he talked with defendant about it and discussed the questions of law involved, but this talk was on the same friendly basis as their other and previous conversations."

So far as finding 14 is concerned, it is sufficient to point out that the evidence and inferences which could be drawn therefrom tend to support the finding as made. The defendant testified that the plaintiff never employed him. He did admit that there came a time in the course of the many social conversations which he and the plaintiff had that the accident was discussed and that he did see the insurance adjuster for the plaintiff. The plaintiff on the other hand, testified that he "mentioned the case several times when he was at the defendant's place or while the defendant was working on his car in the yard." On one of these occasions the plaintiff testified that he asked the defendant if he would take the case and the defendant said he would. It was for the trial court to determine from the testimony before it, whether or not the plaintiff engaged the defendant as his attorney. Since the evidence was conflicting, the finding of the trial court must stand. The new procedural act (12 V. S. A. §2385) has made a matter of statute what we have consistently held for many years, namely—"The weight of the evidence and the credibility of the witnesses are for the trier of facts to determine and all conflicts shall be resolved against the excepting party."

The finding which we have just considered is a subsidiary one but it does lead to finding 23 which is the other finding to which the plaintiff has raised objection. Finding 23 reads as follows:

"From anything plaintiff told defendant, defendant was justified in his belief and understanding that he had not been hired by plaintiff to look out for plaintiff's interest and to bring suit against the City unless he was paid a retainer."

The defendant's testimony was to the effect that after he got the $1100 offer for the plaintiff, the latter declined to follow the defendant's advice and instead wanted suit brought. It

was at this point that the defendant asked for a suit fee before bringing suit. This was all found as a fact in finding 18 to which the plaintiff has briefed no objection. Finding 23, therefore, is supported by the evidence just related and that recited earlier and must stand.

■ ■ The only remaining question for consideration is whether the findings support the judgment. The plaintiff argues that the findings show an employment of the defendant by the plaintiff. It is true that there may be an employment in the absence of an expressed agreement. Formality is not an essential element of the employment of an attorney. The contract may be implied as well as expressed. 7 C. J. S. p. 848. However, not only must the relation of attorney and client have existed between the parties, but this relation must also have been professional in character. *Roquemore* v. *Sovereign Camp, W. O. W.*, 226 Ala. 279, 146 So. 619; *In re Application of J. W. Rowe Co.*, 191 App. Div. 179, 181 N. Y. S. 87.

■ As we view the case, it makes little difference whether we hold that the earlier circumstances were sufficient to show the relationship of attorney and client or not. When the defendant procured an offer of $1100 for the plaintiff and advised him to accept it and the plaintiff declined to do so, and instead wanted suit brought, it was proper for the defendant to insist that he be paid a suit fee before doing so. Up to this point the relationship between the defendant and the plaintiff had been a loose and informal one which evolved slowly. What had been done by the defendant had been done gratuitously. The time came however, when the plaintiff was asking more than mere help with an adjuster and when this came the defendant made clear to the plaintiff that he had gone as far as he intended on a gratuitous basis. True it is that the relation of attorney and client is not dependent upon the payment of a fee. 5 Am. Jur. p. 279; *Pyeatt* v. *Estus*, 72 Okl. 160, 179 P. 42, 4 A. L. R. 1570. But this is not to say that it can not be made so by the contracting parties. We think as the situation developed that it was proper for the defendant to demand a suit fee as he did. This demand carried with it a

notice to the plaintiff that the defendant was not going ahead and bring a suit unless the fee was paid.

■ The facts just referred to have been found by the lower court and they are supported by the evidence. Since these facts are sufficiently comprehensive and pertinent to the issues to provide a basis for the judgment entered in the defendant's favor, no error affecting the rights of the appealing party could result. *Macauley* v. *Hyde*, 114 Vt. 198, 203, 42 A.2d 482.

*Judgment affirmed.*