# H. L. Neverett v. Ernest R. Towne

[179 A.2d 583]

January Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed March 7, 1962

*R. Allen Paul* for the plaintiff.

*Lee E. Emerson* for the defendant.

**Smith, J.** This case has been here before. See 121 Vt. 447, 159 A.2d 345. As there stated, it is an action brought against the defendant to recover on three protested checks delivered by the defendant to the plaintiff in an action of tort under the provisions of 9 V.S.A. §§2311-2322, commonly known as the "bad check statute."

A second hearing in the case has resulted in a judgment for the defendant and the plaintiff has brought his appeal here from the judgment order.

■ Although no exceptions were taken in the proceedings below to the findings of fact of the lower court, exceptions have been briefed by the plaintiff here to Nos. 1, 4, 12, 13, 14, 15 and part of 16 of said findings. Under 12 V.S.A. §2385, regardless of the fact that no exceptions or objections were made to any of the findings of the lower court, on appeal this Court will consider questions of sufficiency of evidence to support specific findings if raised by the appellant's brief. *Bresette* v. *Knapp,* 121 Vt. 376, 378, 159 A.2d 329.

In order to understand the objections of the plaintiff and the consequent ruling by this Court upon them, it is necessary to present the factual background of the case, as well as the claims of the parties.

Beginning in 1951 and continuing until October 1954, the defendant bought cattle in New York State from H. L. Neverett and Sons at auction sales. The cattle defendant bought at these sales was invoiced to him by "Neverett's Livestock Commission Sale, H. L. Neverett and Sons."

In 1954 the defendant admittedly gave three checks to the plaintiff which were returned to the plaintiff unsatisfied because of insufficient funds in the defendant's accounts in the Vermont banks upon which they were drawn. The three checks were dated respectively July 6,

1954 in the amount of $1,240.03, August 17, 1954 in the amount of $1,368.37 and September 7, 1954 in the amount of $1,425.22. The defendant admittedly knew that he did not have funds to pay these checks in the banks upon which they were drawn at the time of issuance. The plaintiff seeks to recover on these checks under the provisions of the "bad check" statute.

The defense set up by the defendant here is one of waiver and estoppel. It is the defendant's contention that under an agreement had by way of conversation with H. L. Neverett, and with his son Billy, plaintiff was informed that the defendant would not have money to cover checks which he might give the plaintiff in payment for cattle. The plaintiff then agreed to make no trouble for the defendant on any such protested checks, but such checks would be regarded only as memoranda of indebtedness and the plaintiff would allow the defendant to work out the amount of any such protested checks that might be given to the plaintiff by the defendant.

The first exception briefed by the plaintiff is to No. 1 of the findings of fact. This reads:

"Since sometime in 1951 and particularly in 1954, the plaintiff, H. L. Neverett was in business with his son, Billy Neverett, and did business as H. L. Neverett and Sons. They operated Neverett's Livestock Commission Sales. Auction sales of cattle were held at Ellenburg Depot, New York, and at Chazy, New York on Tuesday and Thursday, respectively, of each week."

The plaintiff states that this finding is not supported by a preponderance of the evidence and in furtherance of his exception, he cites to us certain evidence offered which he claims indicates that Billy Neverett was not in the commission sales business with his father.

For the reason that all of plaintiff's exceptions to the various findings of fact are based, in large part at least, upon his claims that such findings were against the preponderance of the evidence, it should be noted at this point that the only two witnesses as to an agreement and the terms thereof (or the lack of one) relative to the treatment of the checks here in question were the parties themselves. The only other witness in the case was the bookkeeper of the plaintiff, one Collins, whose testimony was confined to actual financial transactions manifested by his records.

Preponderance of evidence refers to a superiority in weight of the evidence. 12 V.S.A. §2385 states in part:

"Findings of fact shall stand if there is any evidence fairly and reasonably tending to support them. The weight of the evidence and the credibility of witnesses are for the trier of facts to determine and all conflicts shall be resolved against the excepting party."

A later sentence in the same section provides:

"The exhibits in the case and the transcript, if furnished, shall be referred to for the purpose of determining whether the findings are supported by the evidence."

This was our rule even before the enactment of the statute. *Bresette* v. *Knapp*, 121 Vt. 376, 159 A.2d 329.

■ We have, perhaps, used an excess of care in a search of the record to ascertain the evidence to support the finding, for an exception to a finding on the ground that it is against the weight of the evidence is tantamount to a judicial admission on the part of the excepting party that there is evidence to support the finding.

A study of the transcript in the case shows that the defendant testified that he talked with both Mr. Neverett and Billy at the inception of his business dealing with the plaintiff, and that it was Billy Neverett who solicited his business at the cattle sales. He testified as to other conversations separately with Mr. Neverett, as well as with the son, relative to his being allowed to pay off the protested checks by trucking services. He further testified that it was his understanding that Billy Neverett had as much to do with the business as anybody. The invoices received in evidence in the case have the heading of "H. L. Neverett and Sons."

The plaintiff admitted that his son was presently in business with him, and that in 1954 the business name was "H. L. Neverett and Sons," although "the boys were too young to be in business at the time."

■ The real basis for plaintiff's exception to No. 1 of the findings of fact is that the court below, on the conflicting evidence, found in favor of the evidence offered by the defendant. Such determination is a matter of credibility, and the credibility of the witnesses is for the trier of the facts to determine. Upon review in this Court, conflicts of

evidence are to be resolved against the excepting party. 12 V.S.A. §2385; *Taylor* v. *Henderson*, 112 Vt. 107, 111, 22 A.2d 318. A study of the transcript and the record of the case before us indicates that there is evidence fairly and reasonably tending to support No. 1 of the findings of fact.

Plaintiff has also attempted to raise the question, under this exception, of an inconsistency in his pleadings because of the facts found in No. 1 of the findings. The inconsistency claimed is that the plaintiff named in the action is H. L. Neverett, while the findings state that the business actually was carried on in the name of H. L. Neverett and Sons. The contention of the plaintiff seems to be that the son, Billy, should have been added as a party plaintiff. This question is not before us under an exception to a finding of fact. The only question presented to this Court on appeal from a finding of fact is the sufficiency of evidence to support a specific finding if raised by the appellant's brief. *Bresette* v. *Knapp, supra.* 12 V.S.A. §2385. We might add, however, that if such inconsistency exists it was to the detriment of the defendant, rather than the plaintiff, who seeks to raise it. Plaintiff cannot take advantage of his own error. The plaintiff takes nothing by his briefed exception to No. 1 of the findings of fact.

The next exception briefed by the plaintiff is to finding No. 4, which reads as follows:

"In 1951 before defendant began his purchases from H. L. Neverett and Sons, defendant had a talk with H. L. Neverett and his son, Billy Neverett, about making purchases at their commission sales, explaining that he did not have much money and might not always have the money to pay his checks. He was told that that could be worked out and that they would use them to show that defendant owed that amount of money. After this talk, defendant began buying cattle at said auction sales."

Plaintiff's objection to No. 4 as not being supported by the preponderance of evidence is answered by our ruling relative to the same objection advanced to finding No. 1.

The plaintiff also now contends that the action of the trial court in asking questions of the defendant was partial and prejudicial to him. The same contention is also made in other objections to specific findings of fact here briefed by the plaintiff. No objection to

such questioning by the trial judge was made below. It is within the authority of the trial judge to propose questions to and examine witnesses for the purpose of eliciting facts material to the case at bar. 53 Am. Jur. Trial, p. 74. The plaintiff takes nothing by this exception.

The next exception of the plaintiff is to finding No. 12, reading as follows:

"Sometime after the check dated July 8, 1954, the defendant had a talk with H. L. Neverett at Ellenburg, New York, which talk was after the time the first check went to protest. At that time Mr. Neverett told the defendant he would not make the defendant any trouble on the check in question. Mr. Neverett told defendant to continue to buy and if he bought on Thursday he would hold the check and would do the same on the next Tuesday's sale."

The objection of the plaintiff to this finding is that it is against the preponderance of evidence and he cites in support of his contention evidence given by the plaintiff to the contrary. What has been previously stated as to the credibility of witnesses and the weight of the evidence being for the trier of the facts, is equally determinative here on the question presented. The finding here questioned is supported by the evidence and the plaintiff takes nothing by his exception.

Finding No. 13, to which plaintiff has also excepted, reads as follows:

"Sometime after the three (3) checks heretofore mentioned had gone to protest, the defendant had a talk with Billy Neverett who was in business with his father, H. L. Neverett, under the name of H. L. Neverett and Sons. This talk was at Cady's Falls, Vermont. Billy Neverett told defendant that they would like to get their money on the checks and if defendant would agree they would get trucking for the defendant with the Middletown Packing Company and they would keep two-thirds ($\frac{2}{3}$) of the trucking charge and send defendant one-third ($\frac{1}{3}$). The defendant agreed and did the following trucking:

| Date | Name | Amount |
|------|------|--------|
| Oct. 5, 1954 | McEnroe and Murphy, trucking | $155.00 |
| Dec. 4, 1954 | L. Goss, trucking | 150.00 |
| Dec. 4, 1954 | H. Albert | 150.00 |
| Dec. 7, 1954 | Hicks Sales | 175.00 |

Mar. 7, 1955                                                    50.00

    Total credit ........................................................................................................$680.00

These trucking items were all paid to H. L. Neverett and Sons by check made out to their order and were deposited by them in their own bank account and mixed in and mingled with their own funds. The H. L. Neverett and Sons have never offered to pay the defendant the amount of the trucking items of $680.00 but rather have kept the funds in their own possession with the apparent purpose of applying said amount against the amount due H. L. Neverett and Sons for the three (3) protested checks."

The points briefed by the plaintiff under this exception are somewhat puzzling in nature. They are not, apparently, to those parts of the finding which establish that the defendant did trucking for various concerns and that the charges for these services of the defendant were paid to the plaintiff by the concerns for which the trucking service was performed. Nor do the points briefed seemingly attack that part of the finding which states that the plaintiff retained the payments due to the defendant for the trucking with no offer to pay them to the defendant, and mingled such money with their own funds, with the intention of applying such amounts retained to the protested checks.

The points briefed by the plaintiff are only as to the preponderance of the evidence, and the credibility of the witnesses relative to Billy Neverett being an agent or partner with his father in the business of the plaintiff. These are the same arguments advanced by the plaintiff in his exceptions to finding No. 1. By sustaining finding No. 1, which finding was, in part, that Billy Neverett and his father, H. L. Neverett, were in business together as H. L. Neverett and Sons, we have disposed of the issues raised in plaintiff's exceptions to finding No. 13. The plaintiff takes nothing by his exception.

Also excepted to by the plaintiff is finding No. 14, reading:

"There is no evidence that H. L. Neverett and Sons held the trucking items totalling $680.00 in trust for the defendant nor was any such claim ever made to the defendant."

The plaintiff briefs this exception on the ground that the preponderance of evidence is that the trucking items were separately accounted for and held in trust for the defendant. But finding No. 13, which we have just sustained, states that the plaintiff mingled the

$680 received for trucking items performed by the defendant, with plaintiff's own funds "with the apparent purpose of applying said amount against the amount due H. L. Neverett and Sons for the three protested checks."

The plaintiff has cited no authority to support the contention made that under the facts found in finding No. 13 the elements of a trust relationship existed between the plaintiff and the defendant relative to the trucking items. The acts of the plaintiff in mingling the monies received for the trucking services of the defendant with other funds of the plaintiff are inconsistent with the claim of a trust relationship. Plaintiff takes nothing by this exception.

Plaintiff next briefs exception to finding No. 15. This finding reads as follows:

> "15. After the three (3) checks in question were protested, the defendant was told by either Billy Neverett or H. L. Neverett or both, in a conversation with them regarding the checks that they would hold the checks and not make any trouble for the defendant."

Plaintiff raised the same issues as have been previously raised on exceptions to previous findings, that the finding is not supported by a preponderance of evidence, and that Billy Neverett was not a partner or agent of H. L. Neverett. The points raised have already been covered in our rulings on the previous exceptions. A search of the record and the transcript discloses sufficient evidence to support the finding. Plaintiff takes nothing by his exception.

Plaintiff's final exception to the findings of fact is to the last sentence of finding No. 16. Finding No. 16, after setting forth the dates and amounts of the three protested checks, together with protest fees, states:

> "The defendant has never paid any sum to apply on these three checks except that he is entitled to a credit of $680.00 for trucking charges."

The exception is made on the same grounds as in plaintiff's exception to finding No. 14, that is, that the preponderance of evidence is that the payments for the trucking charges due the defendant were held in trust for him by the plaintiff and our ruling made on finding No. 14 disposes of the exception here.

The final exception of the plaintiff is to the judgment order denying plaintiff's motion for judgment and for a close jail execution, and to the granting of the defendant's motion for judgment and to recover his costs.

In briefing the exception to the judgment, the plaintiff has devoted a large part of the brief submitted to a discussion and argument on the evidence presented both in the case now before us, as well as that received in the former case in 121 Vt. 447. The questions relative to the evidence in the case were properly raised on plaintiff's various exceptions to the findings of fact. They have been considered by this Court in its ruling on the sufficiency of evidence to sustain the various findings to which the plaintiff excepted. The findings of fact have been sustained and the only question before us on the exception to the judgment is whether the judgment order is supported by the findings of fact. *DeGoesbriand Hospital* v. *Alburg*, 122 Vt. 275, 283, 169 A.2d 360. *In re Hathorn's Transportation Co., Inc.*, 121 Vt. 349, 158 A.2d 464. *In re Estate of Boynton*, 121 Vt. 98, 122, 148 A.2d 115.

As we stated in the opinion when this case was before us for the first time the defenses set up in the answer of the defendant are waiver and estoppel. *Neverett* v. *Towne, supra,* p. 457. The action brought here by the plaintiff under the statute is not in contract; nor is it an action on the check brought for the collection of a debt. It is a tort action, providing indemnity to the holder of an unpaid check by means of a body action against the person liable under the terms of 9 V.S.A. §§2311-2322.

The question presented to us by the exception to the judgment is whether, by virtue of the findings of fact, the defendant has carried the burden of proof establishing the affirmative defenses of waiver and estoppel that he has pleaded in his defense. We think this presents no great difficulty.

The findings of fact disclose that the plaintiffs were informed by the defendant before he commenced doing business with them that there might be times when he would have to give them checks for purchases made by him at a time when he did not have sufficient funds to cover them. The plaintiffs then told the defendant that such unpaid checks would be held by the plaintiffs to show that the defendant owed that amount of money. Defendant was further told by the plaintiffs

that no trouble would be made for him on such checks by the plaintiffs. This promise to the defendant by the plaintiffs was repeated at a later date, after the time that the first checks in question had gone to protest and had been returned to the plaintiffs.

At a time well after all the protested checks had been returned to the plaintiff, an offer was made to the defendant to pay the debt evidenced by the protested checks by performing trucking services for third parties, the proceeds of which would be paid to the plaintiff, who would apply such proceeds on the indebtedness. The defendant accepted this offer, performed various trucking services for third parties, and the charges for such services were paid by the third parties to the plaintiff, who mingled such monies in plaintiff's own accounts.

In the instant case, the agreement by the plaintiff with the defendant not to "make the defendant any trouble" on a protested check, standing by itself, might be regarded as slim evidence of a waiver of the statute by the plaintiff, but the acts of the plaintiff, after knowledge that the three checks had gone to protest, in taking no action on such checks, in continuing to do business with the defendant, after reassuring the defendant that no trouble would be made on the checks for him by the plaintiff, and in entering into an agreement with the defendant to allow him to pay the debt represented by the checks through trucking services, augment considerably the evidence relative to the claimed waiver. This was conduct on the part of the plaintiff of such an unequivocal character as to evidence the existence of a waiver. *Albertson* v. *Bray Wood Heel Co.,* 113 Vt. 184, 189, 32 A.2d 125.

The consequences of the statements and action of the plaintiff on the conduct of the defendant was to lull him into a sense of security so far as the giving of the protested checks was concerned. After the first protested check had been returned to the plaintiff, because of the assurance of the plaintiff, the defendant continued to do business with the plaintiff, during the course of which he gave the plaintiff two other checks which went to protest. He also performed services for other people, the proceeds of which, by reason of the plaintiff's representations, he permitted the plaintiff to retain as part payment on the amount which he owed to the plaintiff, and which amount was the sum evidenced by the protested checks held by the plaintiff. Such actions on the part of the defendant, we think, were the natural and

reasonably anticipated effect of the words and action of the plaintiff upon the defendant in inducing him to believe that the plaintiff had waived the statutory action that he otherwise would have been entitled to under the circumstances, and were such actions as he would not otherwise have performed.

In applying the benefits of estoppel it is not essential that the representation giving rise to the application of estoppel should be fraudulent in the strictly legal significance of that term. The test is whether, in all the circumstances of the case, conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct. *McLaughlin* v. *Blake,* 120 Vt. 174, 179, 136 A.2d 492. Applying such test to the facts here presented, the defendant is entitled to the benefit of an estoppel against the plaintiff repudiating the consequences of his conduct and representations by the bringing of this statutory action.

But there is a further reason why plaintiff cannot recover the judgment sought here in his action under the statute. The essential element of the right of action under the statute here sued upon is the knowledge on the part of the maker that at the time of issuing a check he does not have sufficient funds on deposit in the institution upon which the check is drawn to pay it. Because fraud and deceit are not essential elements of this right of action, it is no defense to the action that the payee had knowledge of such lack of funds at the time he takes the check from the maker. *North Adams Beef and Produce Co.* v. *Cantor,* 103 Vt. 514, 156 Atl. 879. But where the action on a protested check is between the immediate parties, and it has been shown that the check was taken by a creditor under an agreement of the parties that it should operate as a memorandum of amount due from a debtor, then the condition affixed to such a delivery does not give it the effect and operation of a bank check. The provisions of 9 V.S.A. §§2311-2322 do not apply to a check so conditionally delivered. *Hooper* v. *Levin,* 112 Vt. 321, 34 A.2d 337.

While the plaintiff insists that a debtor-creditor relationship does not exist between the parties in the instant case, nevertheless a vague suggestion is made in the brief that under the practice act now prevailing a judgment could be entered for the plaintiff in contract, with an offset to the defendant for the trucking charges, in the absence of a judgment for the plaintiff in the statutory action of tort.

The attachment made by the plaintiff in instituting this suit was of the body of the defendant. 12 V.S.A. §3521 provides:

"A person who is a resident of any of the United States shall not be arrested or imprisoned on mesne process issuing on a contract, express or implied, or an execution issued on a judgment recovered in an action founded on such contract, except as hereinafter provided."

Such exceptions apply to absconding debtors, and to a defendant acting in a fiduciary capacity, 12 V.S.A. §3522 and 12 V.S.A. §3529.

The new practice act (12 V.S.A. §971 *et seq.*) does not allow a complaint that is actually in contract to be commenced by a writ issued as a capias with the arrest of the defendant thereon, and a court would be without jurisdiction of such process.

This is reinforced by the provisions of 12 V.S.A. §972, which reads:

"Section 971 of this title shall not enlarge or abridge the incidents attending forms of action under the statutes in force prior to April 2, 1915, such as statutes of limitations, trustee process, right of set-off, manner of trial, arrest of the body, execution and the like, but such incidents shall attend the form of action specified in such sections only when the cause of action is of such a nature that such incidents would have been available had the action been brought prior to that date."

It should also be noted that 12 V.S.A. §201 provides that the plaintiff in a case shall state "the relief demanded." No pleading in the case before us requests any relief by the plaintiff upon an action of contract. While the holding in the instant case would act as no bar to an action in contract by the plaintiff against the defendant, it does not present to us such an action here.

The findings of fact found by the lower court are supported by the evidence. Such facts are sufficiently comprehensive and pertinent to the issue to provide a basis for the judgment entered in the defendant's favor. No error affecting the rights of the appealing party could result. *Bresette* v. *Knapp,* 121 Vt. 376, 381, 159 A.2d 329.

*Judgment affirmed.*