## Norris Davis et al v. Kneeland Lumber Co., Inc. et al

[196 A.2d 572]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*C. O. Granai* for the plaintiffs.

*Harvey B. Otterman, Jr.* for the defendant.

**Smith, J.** The records of this case indicate that litigation between these parties commenced when the defendant, a lumber broker, started foreclosure proceedings on a chattel mortgage which it held on the machinery and personal property of the plaintiffs. The plaintiffs, who were engaged in running a small sawmill on their premises in Vershire, brought a bill of complaint in chancery seeking to enjoin the foreclosure proceedings instituted by the defendant corporation on the ground that they had been induced to sign the mortgage through fraud on the part of the defendant. Plaintiffs also sought such other and further relief as might be proper from the Orange County Court of Chancery. Defendant Hood is the deputy sheriff who sought to proceed with the foreclosure.

A temporary injunction was issued by the Orange County Court of Chancery on May 16, 1962. The matter was heard on its merits on June 15, 1962; findings of fact were made, and judgment order and decree issued. Judgment was in favor of the defendants in the amount of $379.73, with costs. The defendant has brought its appeal here upon the grounds that certain findings of fact are not supported by the evidence, and from the judgment order.

■ No exceptions were taken by the defendants below to any of the findings of fact. However, under 12 V.S.A. §2385, regardless of the fact that no exceptions or objections were made below to any of the findings of the lower court, we will, on appeal, consider the question of the sufficiency of the evidence to support specific findings if raised by the appellant's brief. *Bresette* v. *Knapp,* 121 Vt. 376, 159 A.2d 329; *Appliance Acceptance Company* v. *Stevens,* 121 Vt. 484, 160 A.2d 888.

The uncontroverted findings of fact, important to the determination of the questions presented here, are that the plaintiffs were given an order for 100,000 feet of hardwood squares of various sizes by Henry Manchester on March 9, 1961. Manchester was the

president and agent of the defendant Massachusetts corporation, and had his place of business in Waterville, Vt.

The order provided that the plaintiffs were to receive 75 percent of their sale price for the squares once the squares were put on sticks. The squares when put on sticks were to become the property of the defendant.

The plaintiffs, because of a lack of credit standing, could not operate their mill at full capacity, but began at once to manufacture the squares. On April 5, 1961, the plaintiffs had produced squares to the value of $2,400.00 and had received from the defendant payments in the amount of $1,997.86. On that same date they signed a chattel mortgage in favor of the defendant in the amount of $2,000.00. No note was signed by the plaintiffs at that time, nor was any money received by the plaintiffs from the defendant. On May 5, 1961, the plaintiffs at the urging of Manchester, signed a promissory note in the amount of $1,500.00 payable to the defendant.

Defendants' exceptions to findings Nos. 12, 14, 15, 16, 18 and 30, all have to do with the findings of fact relating to the mortgage and note. The essence of the above findings is that Manchester obtained the mortgage and not from the plaintiffs on his assurances that he would use them to obtain financial help for the plaintiffs who lacked financial credit to buy materials to carry on their business. The chancellor found that the plaintiffs never received any money or credit from the defendant for either the mortgage or the later given note, and that while the mortgage, as given, was valid, the note was null and void.

The defendant denied making any assurances to the plaintiffs that financial aid would be furnished them by reason of the mortgage or note, and that they were given only to protect the defendants in their dealings with the plaintiff, and for advances of money already made.

In our consideration of the evidence we must take it in the light most favorable to the findings and read it so as to support the findings if that can be reasonably done. A finding must stand if the record discloses evidence, which upon any rational view supports it.

On review we do not weigh the evidence since its persuasive effect and the credibility of the witnesses are for the trier of fact to

determine. *Petition of Stowell,* 119 Vt. 298, 302, 125 A.2d 807; *Bagalio* v. *Hoar,* 118 Vt. 384, 388, 110 A.2d 719.

As we have already seen the finding of the court below that on April 5, 1961, the date upon which the mortgage was given, the plaintiffs had produced $2,400.00 worth of squares, which had become the property of the defendant, and that by the same date plaintiffs had received $1,997.86 from the defendant, is undisputed. It is apparent that the chattel mortgage given on that date for $2,000.00 by the plaintiffs to the defendant was not to secure the defendant for money already advanced in that amount to the plaintiff.

The chancellor also found that on May 5, 1961, the date on which the $1,500.00 note was given by plaintiffs to the defendant, the sum evidenced by said note was not due to the defendant from the plaintiffs, and that the note was not given for a good and valuable consideration or with the understanding that it represented the amount of any debt due and owing by the plaintiffs to the defendant.

These findings of the chancellor are supported by the evidence given by the plaintiffs, particularly by the evidence, both written and oral, given by Mrs. Doris Davis, who acted as bookkeeper for the couple.

The brief of the defendant does not allege that there is no evidence to support the various findings to which it has excepted, but only that the findings are not supported by the evidence and are contrary to the weight of the evidence. In support of its position defendant cites the evidence in the case given by Henry Manchester as well as written evidence introduced by the bookkeeper for the defendants, which was at variance with the evidence of the plaintiffs.

What is really sought here is a determination from this Court as to the weight which the chancellor below should have given the evidence, as well as a review of the credibility given the various witnesses. This is the same situation that was presented to us in *Cody Chevrolet, Inc.* v. *Royer,* 123 Vt. 389, 189 A.2d 554. What we said in the last mentioned case also applies here. The weight of the testimony and the credibility of the witnesses are solely for the determination of the trier of fact, and not being for our consideration, are not a basis upon which an appeal to this tribunal can be taken. *Cody Chevrolet, Inc.* v. *Royer, supra,* p. 394.

A finding must stand if supported by any substantial evidence, although there may be substantial evidence to the contrary. *Metcalf* v. *Crossroads, Inc.,* 121 Vt. 147, 150, 151 A.2d 307. Viewing the evidence in the light most favorable to the plaintiffs, the various findings of the chancellor relative to the lack of any consideration being received by the plaintiffs from the defendant for the note given to the defendant, are sustained by the evidence. The finding that the note is null and void is supported necessarily follows and must be sustained.

The last two exceptions of the defendant to Nos. 21 and 28 of the findings, go directly to the sum of "$379.73" which the chancellor found was the amount overpaid by the defendant to the plaintiffs, and for which amount he gave judgment to the defendant.

In No. 21 the chancellor found that there was a sum of $265.00 credit due the plaintiffs from the defendant for 106 pallets delivered by the plaintiffs to the defendant, which pallets were worth $2.50 apiece. This finding is borne out by the evidence of the plaintiffs, nor did the defendant deny that such pallets were in its possession, nor the value of them. Defendant takes nothing by this exception.

The exception of No. 28 was that the court was incorrect in its computation of this amount, and that there was no evidence to sustain the figure of $379.73. The defendant's claim is that Plaintiff's No. 4, a compilation of the accounts between the parties by Mrs. Davis and which contained an item of $265.00 for pallets furnished to the defendant by the plaintiffs, was improperly admitted. The record discloses that Plaintiff's No. 4 was admitted by the chancellor in connection with the testimony of Mrs. Davis. Her testimony, as well as the items in Plaintiff's No. 5, unobjected to, supports the evidence on Plaintiff's No. 4, as well as the amount of the award. No error is found.

The evidence is undisputed that defendant paid to the plaintiffs a total amount of $8,982.86. It is also undisputed that squares to the value of $8,338.13 were produced by the plaintiffs and became the property of the defendant. Adding the $265.00 due the plaintiffs for the pallets to the $8,338.13 owed by defendant to the plaintiffs for the squares, and deducting the total plaintiffs' credits of $8,603.13 from the $8,982.86 paid to plaintiffs by defendant proves and justifies the overpayment of $379.73 found below.

Defendant now claims that the chancellor should also have determined damages suffered by the defendant through an alleged breach of contract on the part of the plaintiff in the proceedings below. No claim of this nature was made by the defendant below, nor do we find any evidence offered on such claimed damages by the defendant. We cannot consider a claim of this nature made for the first time in this court.

It is apparent that the chancellor below proceeded to make an accounting between the parties and that both parties acquiesced in this action. Missing from the decree for a money judgment, however, is the equitable relief sought by the plaintiffs from the foreclosure action on the chattel mortgage.

The finding of the chancellor that the mortgage is valid, although the note is null and void, must be based upon the expressed terms of the mortgage that it is given to secure advances to be made by the defendant to the plaintiffs. By the finding that there is due the sum of $379.73 from the plaintiffs to the defendant the chancellor, by implication at least, has found that this sum was an advance made by the defendant to the plaintiffs, and the only advance so made.

It must follow, therefore, that upon payment of this sum by the plaintiffs to the defendant the mortgage will be satisfied and the plaintiffs will be entitled to have the mortgage cancelled and declared to be of no force and effect.

*We therefore remand this case to the court of chancery for Orange County for entry of a decree which will grant the injunctive relief sought by the plaintiffs upon payment by the plaintiffs to the defendant on a day certain of the amount so payable found by the chancellor.*