### Robert Menard and Millie Menard v. Edward Nelson

[ 243 A.2d 779 ]

April Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 4, 1968

*Davis, Martin & Free* for the Plaintiffs.

*McKee & Clewley* for the Defendant.

**Keyser, J.** The plaintiffs brought suit to recover damages arising out of the breach of an oral agreement for raising defendant's bob calves to maturity as prime veal. The county court entered judgment for the plaintiffs on its findings of fact to recover the sum of $255.00 damages. The case is here on appeal by the defendant from the findings of fact and the judgment order.

Two questions are raised by the appeal: (1) the sufficiency of the evidence to support the specific findings excepted to in the defendant's brief, and (2) whether the judgment is supported by the facts found. *Davis* v. *Kneeland Lumber Co.,* 124 Vt. 70, 74, 196 A.2d 572; *Miller* v. *Miller,* 124 Vt. 76, 78, 197 A.2d 488.

In considering the evidence we view it in the light most favorable to the findings and, if the record discloses evidence which upon any rational view supports a finding, it must stand. *Davis* v. *Kneeland Lumber Co.,* 124 Vt. 70, 72, 74, 196 A.2d 572.

Defendant's first exception is to finding No. 11 which reads: "The plaintiffs had five milk cows on their place which produced sixty quarts of milk a day. They used all of this milk for maturing of defendant's calves."

The only argument made by the defendant in support of his exception is that "The Court did not seem to take into account that part of the milk produced by the cows * * * was used to provide milk for the plaintiff's family. * * *."

The finding is ingrained in the testimony of Mrs. Menard and conclusively supports it. What the defendant has said above regarding the finding does not in any sense demonstrate that his objection to it is

well founded. See *Griffin* v. *Griffin,* 125 Vt. 425, 439, 217 A.2d 400; *Sullivan* v. *Demas,* 124 Vt. 397, 399, 205 A.2d 818.

The defendant also objects to finding No. 22 reading: " The defendant taking the calves at the time he did and under the circumstances and conditions he did, resulted in damage to the plaintiffs in the loss of milk, loss of remuneration for their labors and loss of profit on finishing the calves."

■ Defendant's argument against this finding is that "it adjudicated that the defendant was unjustified in removing the remaining four calves."

Briefly, the following facts are shown by the findings. The bailment contract made between the parties in September, 1962, provided that defendant was to supply plaintiffs with "bob calves" which were to be raised by plaintiffs to matured prime veal. The defendant was to pay 28 cents a pound for the increased weight which averaged about 130 pounds and took about eight weeks. The plaintiffs had facilities and a milk supply from their five cows sufficient to raise eight calves at a time. The calves were to remain with the plaintiffs until fully matured for veal and plaintiff, Mrs. Menard, was to make the decision as to when such condition had been reached. Then, the defendant was to pick up the veal calves, have them weighed and furnish plaintiffs with weight slips.

Early in the summer of 1963 the parties became dissatisfied with each other.

On July 22, 1963, plaintiffs had eight of defendant's calves which they had raised to various stages of development. That morning defendant's wife and son picked up four calves, one of which was fully matured to veal. That afternoon the defendant came while plaintiffs were away and took the remaining four of his calves. The plaintiffs did not know, nor did the defendant tell them, that he was going to take all of his calves on July 22. It was plaintiffs' intention to retain the calves and mature them to prime veal. Otherwise, they could not make a profit from the operation.

The defendant says the bailment could be terminated at will by either party. This is true as to a continuation of the contract in the future after the plaintiffs had raised the eight calves to veal which were in their possession on July 22, 1963. However, the specific purpose for which the bailment contract was entered into had not been

accomplished on July 22 except as to one calf. Plainly, the defendant violated the terms of his contract by taking all of the calves before being fully matured to veal and, as the court properly found, the plaintiffs were damaged as a result of defendant's action.

The defendant takes nothing by his exception to finding No. 22 on the above ground.

■ The defendant further states that finding No. 22 "forms a basis for awarding double damages to the plaintiffs." The defendant does not demonstrate how this is possible nor substantiate his claim by argument. While we will not search the record to determine what the fact is, an examination of it satisfies us that the defendant's contenion is without merit or proof. See *Smith* v. *DeMetre,* 119 Vt. 73, 82, 118 A.2d 346, 58 A.L.R.2d 1; *Doyle* v. *Polle,* 121 Vt. 335, 339, 157 A.2d 226.

Furthermore, by finding No. 23, the court found "The plaintiffs have sustained damage in the amount of $255.00." No specific objection is raised to this finding. The defendant has not demonstrated by reference to the record or by his argument that the court erroneously found the amount of damages it did. The finding is binding on the defendant and fixes his liability to the plaintiff in the amount stated.

*Judgment affirmed.*