## State of Vermont v. Stephen J. Burack

[346 A.2d 192]

No. 91-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 7, 1975

Robert W. Gagnon, Esq., State's Attorney and Gregory W. McNaughton, Deputy State's Attorney, Washington County, for State.

John F. Nicholls, Esq., of the office of Joseph C. Palmisano, Barre, for Defendant.

Barney, C.J. A jury found the defendant guilty of operating a motor vehicle with a blood alcohol level in excess of .10 per cent, in violation of 23 V.S.A. § 1201. He attacks the conviction on an evidentiary issue.

His blood alcohol level was testified to be based on an analysis of his breath by a testing device known as a gas chromatograph. The breath sample was collected for testing by a device called a crimper, operated in this case by a state police officer.

The position of the defendant is that the results of the test should have been excluded because the prosecution failed to lay a proper foundation for its admission under standards set out in State v. Magoon, 128 Vt. 363, 264 A.2d 779 (1970). Those results, as testified to by the state chemist who made the analysis, showed a blood alcohol level of .14 per cent by weight.

The challenge raised by the defendant is specifically directed at the procedure for collecting the sample of breath to be tested. The collection is made by a mechanical device called a "crimper", operated, in the usual case, by a law enforcement officer trained in the use of the machine. See State v. Mills, 133 Vt. 15, 328 A.2d 410 (1974).

There is a significant difference in the nature of the procedures in the use of the gas chromatograph and the photoelectric intoximeter, referred to in State v. Magoon, supra. In the Magoon case, the non-scientific, non-professional operator, by use of the intoximeter, performed the entire analysis of the breath sample. For obvious reasons, the full development of evidence concerning the proper order of the equipment, the qualifications of the operator, and the correctness of the procedures used was emphasized. These concerns are always appropriate with respect to testing apparatus, but are of especial emphasis in the absence of an operator whose scientific background embraces such analytical procedures.

The crimper with which this case is concerned is not the analyzing device, but merely collects the breath sample for transmission and later laboratory analysis. The crimper is not a testing machine, and the chromatograph is operated by the state chemist, not by a police officer. Even so, there is, of course, a responsibility to lay a proper foundation for the introduction of evidence relating to the collection of the sample by means of the crimper.

Evidence was introduced in this case outlining the procedures involved in the use of the crimper. Essentially the steps involve the assembling of the apparatus, the locking in place of the template assembly which contains the sample-collecting indium tube, the achieving of proper operating temperature marked by indicator lights, the taking of a deep lung air sample, and the sealing of the three-part tube by the crimping handle and jaws.

The operator testified as to the carrying out of all of these steps and as to their purpose. He testified as to his training and extensive experience in the use of the device. He indicated that he examined the template on removal and observed a full, tight crimp on the tube. Additionally, the chemist testified as to the various ways by which a test sample would indicate improper procedures had been used in its collection. Both witnesses were extensively cross-examined.

■ The test for a foundation for admissibility is not absolute certainty. It only requires that the evidence be of demonstrable relevance and of sufficient meaningful substance to be justifiably relied upon as a fact by the jury, rather than an insubstantial invitation to conjecture. Therefore, imperfections that go only to its weight will not exclude it. *State* v. *Magoon, supra,* 128 Vt. at 367.

■ The trial court in this case concluded that the test of admissibility was met, and the decision was its to make in the first instance. *State* v. *Brown,* 125 Vt. 58, 62, 209 A.2d 324 (1965). On the record in this case we concur in its determination.

*Judgment affirmed.*