**State of Vermont v. Thomas A. Tierney**

[412 A.2d 298]

No. 65-79

Present: **Barney, C.J., Daley, Billings and Hill, JJ., and Springer, District Judge, Specially Assigned**

Opinion Filed February 5, 1980

164

*M. Jerome Diamond,* Attorney General, *Richard A. Unger,* Assistant Attorney General, Montpelier, and *P. Scott McGee,* Lamoille County State's Attorney, Hyde Park, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Apellate Defender, and *Jessie Marshall,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Daley, J.** After a trial by jury in district court, the defendant was convicted of being under actual physical control of a motor vehicle while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). Defendant's sole claim of error on appeal is the denial of his motion to suppress the results of the breath test.

Section 1202(a) of Title 23 states in relevant part:

A sample of breath shall be taken only by a law enforcement officer who has been certified by the department of public safety to operate a field sample gathering device for the gas chromatograph intoximeter *whenever a state police officer or a law enforcement officer who has been certified by the Vermont criminal justice training council pursuant to Title 20, section 2358,* had reasonable grounds to believe that the person was operating, attempting to

operate or was in actual physical control of any vehicle while under the influence of intoxicating liquor. (Emphasis added.)

Defendant reads this statute to mean that, as a precondition to administering a test for alcohol in the blood, the officer who forms a reasonable belief that a person is driving under the influence must be certified by the Vermont Criminal Justice Training Council (the Council), regardless of whether he is a state police officer, or a local law enforcement officer. On the basis of this interpretation, defendant moved to suppress the test results because the state police officer who requested the test was not certified by the Council. The trial court denied this motion on the ground that the phrase "who has been certified by the . . . council" modifies "law enforcement officer," but does not modify "state police officer." 23 V.S.A. § 1202(a). We agree.

In construing a statute, this Court considers it as a whole, and, if possible, gives effect to every word, clause and sentence. *State* v. *Mahoney*, 122 Vt. 456, 459, 176 A.2d 747, 749 (1961). Section 1202(a), by the plain language of the first clause, only authorizes the taking of a breath sample by "a law enforcement officer who has been certified by the department of public safety to operate a field sample gathering device [crimper]." If, in its next clause, the statute was intended to limit those who could form the requisite reasonable belief solely to law enforcement officers certified by the Council, the legislature could have expressed this intent by using only the language "law enforcement officer," as it did in the first clause. The legislature, however, chose to specify two categories of officers who could form the requisite reasonable belief: "a state police officer or a law enforcement officer who has been certified by the . . . council." 23 V.S.A. § 1202(a). Defendant's proffered construction would render this specific enumeration of state police officers superfluous. This we cannot accept.

It is also the policy of this Court to avoid a construction of a statute that leads to absurd or irrational results. *Audette* v. *Greer*, 134 Vt. 300, 302, 360 A.2d 66, 68 (1976). In this case, it is uncontested that the state police officer in question was certified by the department of public safety to oper-

ate the crimper. Therefore, under defendant's analysis, the officer was qualified to operate the crimper and administer the test, but not to form a reasonable belief that defendant was driving while intoxicated. Furthermore, according to defendant's logic, this officer, like all state police officers, was empowered to arrest, search and seize, but he was not empowered to request submission to a simple breath test. Such anomalous consequences could not have been intended by the legislature when it enacted § 1202(a).

Defendant has presented elaborate arguments based on the legislative history of both § 1202(a), and 20 V.S.A. § 2358, which sets the minimum training standards of the Council. We have examined this history in detail, and find that defendant's contentions border on the frivolous. Until 1979, the Council's minimum training requirements applied only to officers "of any town, city or incorporated village." 1967, No. 189, § 8. In 1979, subsequent to the events upon which this conviction is based, § 2358 was amended to include the state police within the Council's training standards by express language. 1979, No. 57, § 6. This amendment was part of an overall plan to include the state police under the Council's jurisdiction. See *id.*, §§ 5, 6, 16, 17. If, as defendant contends, they had already been included, this amendment would not have been necessary.

Finally, we cannot say that defendant demonstrated any conceivable prejudice. So long as the trustworthiness of the evidence is independently established by standard legal processes, mere hypothetical defects, in the absence of constitutional errors, go to the weight rather than to the admissibility of the evidence. *State* v. *Mills,* 133 Vt. 15, 17, 328 A.2d 410, 411–12 (1974).

*Judgment affirmed.*