### State of Vermont v. Donald M. Harris

[472 A.2d 755]

No. 83-022

Present: Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed January 20, 1984

*Susan L. Fowler,* Chittenden County Chief Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*David A. Nicholson,* South Burlington, for Defendant-Appellant.

Underwood, J. Defendant appeals his jury conviction of driving while under the influence (DUI) on the ground that the State failed to lay a proper foundation for the admission of the blood alcohol test of .165 per cent when it did not call as an expert witness the doctor who had drawn the blood sample. At the close of the State's case the defendant moved that the blood test be ruled inadmissible for two reasons: (1) the doctor did not testify as to the manner in which he took the test, and that in his stead the State offered the testimony of the police officer who observed the doctor draw the blood sample; and (2) the State did not prove the chain of custody of the blood sample. The court denied the motion and admitted the evidence of the blood test result.

On appeal the defendant does not challenge the chain of custody issue. Thus, the single issue for our determination is whether the trial court erred in admitting evidence of the blood test result when the State intentionally omitted calling as a witness the doctor who drew the blood sample, relying instead upon the testimony of the police officer who observed the doctor as he acquired the sample.

The pertinent facts necessary for determination of this appeal are succinct and undisputed. The officer, who suspected the defendant of DUI and made the initial stop, first took him to the police station to process him for DUI. When he discovered that the defendant had an abnormal breathing problem and could not provide an adequate breath sample, he transported him to the Fanny Allen Hospital for a blood test. There the officer provided a doctor with a standard blood collection kit furnished by the Essex Police Department. The officer then observed the doctor break the seal on the kit, collect the blood sample from the defendant, fill out the required form, reseal the kit and deliver the kit to him. The officer subsequently de-

livered the kit to the State Health Laboratory, where a chemist analyzed the blood sample using the gas chromatograph.

At trial the State called the police officer as a witness to testify to the manner in which the doctor took the blood sample from the defendant. The State also called the chemist as an expert witness to express an opinion on the accuracy of the test result of defendant's blood sample of .165 per cent alcohol by weight.

On appeal the defendant contends the State did not meet its burden of proof. The defendant argues that the integrity of the blood alcohol test was left to speculation and conjecture when the State failed to call the doctor who drew the blood sample as an expert witness but instead called the police officer. He insists that since the statute states that "[o]nly a physician or a licensed nurse or a medical technician may withdraw blood for the purpose of determining the alcoholic . . . content therein," 23 V.S.A. § 1203(a), the doctor should have been placed on the stand to testify about it, not a nonexpert such as the police officer.

Defendant relies heavily on the lower court decision of *Murphy* v. *New York State Thruway Authority*, 23 Misc. 2d 1078, 204 N.Y.S.2d 953 (Ct. Cl. 1960). In that civil case the court excluded evidence of the blood analysis on the ground that the foundation laid for its admission was insufficient because the blood sample was taken by a person who did not appear at trial to explain what he did or whether he was qualified. The court remarked: "If the taking of a blood sample is as simple as the State implies, the Court is at a loss to understand the elaborate safeguards approved by the legislature." *Id.* at 1080, 204 N.Y.S.2d at 956.

In the case at bar the doctor who took the blood sample from the defendant was clearly a person qualified to do so under 23 V.S.A. § 1203. The officer, in testifying as to his observations of the doctor taking the sample, was relating a procedure that required only common knowledge and experience to understand and judge; expert testimony was not needed. See *Senesac* v. *Associates in Obstetrics & Gynecology*, 141 Vt. 310, 313–14, 449 A.2d 900, 902 (1982), and *Largess* v. *Tatem*, 130 Vt. 271, 279, 291 A.2d 398, 403 (1972) (expert testimony

not needed in medical malpractice case where violation of due care is readily apparent).

The State argues that it is perfectly proper in DUI cases to dispense with the expense of calling the doctor who drew the blood sample where a standard blood collection test kit is used and there is an eyewitness to the procedure, such as the police officer in this case, who testifies in court to the procedure the doctor followed. Thus the failure to call the doctor goes only to the weight of the State's evidence in support of the blood alcohol test result of .165 per cent, the State contends, and not to whether a proper foundation was laid for the admission of the evidence.

We held in an opinion written by then Chief Justice Barney in *State* v. *Burack,* 133 Vt. 482, 484, 346 A.2d 192, 194 (1975) :

> The test for a foundation for admissibility is not absolute certainty. It only requires that the evidence be of demonstrable relevance and of sufficient meaningful substance to be justifiably relied upon as a fact by the jury, rather than an insubstantial invitation to conjecture. Therefore imperfections that go only to its weight will not exclude it.

The State laid a proper foundation for the admission of the blood test result through the testimony of the police officer and the expert testimony of the chemist. Although the doctor was on the State's list of prospective witnesses, the State was under no obligation to call all the witnesses on its list. See V.R.Cr.P. 16 (a) (1), Reporter's Notes. If the defendant felt the need to examine the doctor prior to trial, he could have taken his deposition. After the trial commenced and defendant realized the State was not going to call the doctor as its witness, defendant could have requested the court to grant him a continuance long enough to subpoena the doctor to testify at trial. Defendant did not elect to do either but rested on the uncertain assumption the State would have all the witnesses on its list present in court at the time of trial.

No error having been shown, the judgment of conviction must be affirmed.

*Affirmed.*