ROBINSON, J.
 

 ¶ 1. Mallets Bay Homeowner's Association appeals the trial court's partial denial of its motion to stay the issuance of a writ of possession in favor of Mongeon Bay Properties (MBP) following the termination of the Association's ground lease. We reverse the trial court's order in part, and remand for the trial court to exercise its discretion.
 

 ¶ 2. The events leading to the termination of the ground lease between the parties are recounted in greater detail in this Court's recent decision in
 
 Mongeon Bay Properties, LLC v. Mallets Bay Homeowner's Ass'n (Mongeon Bay I)
 
 ,
 
 2016 VT 64
 
 , 202 Vt. ----,
 
 149 A.3d 940
 
 . The Mongeon family owned property in Colchester on the shore of Lake Champlain. There are over twenty-five camps on the property, ten of which are built on an embankment right next to the lake. Over time, the camp structures built on the property became seasonal residences owned by camp occupants, although the Mongeon family continued to own the underlying land. In 1995, members of the Mongeon family set up a partnership to own the land under the camps, and the partnership entered into a ground lease with the Association, a nonprofit corporation, rather than the individual owners of each residence. As amended by the parties, MBP and the Association, the ground lease was due to expire in 2036. The lease contained a forfeiture clause, providing that the lease would terminate "if the [Association] shall fail to perform or comply with any terms of this Lease," and "such failure shall continue for more than 45 days after the [Association] receives notice or knowledge of such failure."
 

 ¶ 3. MBP sued the Association in January 2012, seeking damages and termination of the ground lease because the Association had failed to perform reasonable repairs and upkeep as required by the lease. In particular, MBP showed that severe damage to the property along the banks of the lake could have been prevented if the Association had undertaken reasonable steps to protect against erosion. The trial court concluded that the Association's failure to properly maintain the property and the resulting damage amounted to "waste," and therefore the Association had violated the lease. However, the trial court determined that terminating the lease under the default provision was inequitable and instead awarded MBP damages to cover the cost of repairing the property.
 

 ¶ 4. On appeal, this Court affirmed the trial court's determination that the Association had breached the lease, but remanded for reconsideration of MBP's remedy. We concluded that the trial court did not have the authority to decline to enforce the contract's default provision where it concluded that the Association had substantially defaulted pursuant to the terms of the ground lease, and MBP had timely invoked its right to terminate.
 
 Mongeon Bay I
 
 ,
 
 2016 VT 64
 
 , ¶¶ 64-69,
 
 149 A.3d 940
 
 . We stated that MBP was entitled to terminate the ground lease as a matter of law,
 and was entitled to a writ of possession.
 

 Id.
 

 We remanded to the trial court for determination of a remedy in light of our decision. We issued this decision on June 10, 2016, and denied a motion for reargument on July 11, 2016.
 

 ¶ 5. On remand, the parties spent several months litigating issues relating to post-judgment trustee process, attorney's fees, and other collateral matters.
 

 ¶ 6. On September 20, 2016, the Association requested that the trial court stay the issuance of a writ of possession pursuant to 12 V.S.A. § 4854, which states in relevant part: "A writ of possession shall issue on the date judgment is entered, unless the court for good cause orders a stay." The Association argued that there was good cause for the court to stay the writ until 2036, when the lease was set to expire. The Association argued that it should be entitled to receive the benefit of the substantial improvements to the property, and in particular the repairs to the embankments ordered by the trial court. The Association emphasized the hardship the writ of possession would cause individual homeowners, and argued that staying the judgment until 2036 was reasonable because it would give the homeowners enough time to relocate their homes from the property, avoid the hardship of removing children from their schools, and enable homeowners to make arrangements with their lenders and terminate leases with subtenants. The Association also argued that the lease was silent as to how much time the Association had to remove their residences from the property upon termination of the lease. For all these reasons, the Association argued that there was good cause to stay the writ of possession until the 2036 lease expiration. Alternatively, the Association asked for a ten-year stay "[a]t the very least," given what is at stake financially. Finally, the Association requested, "[a]t a bare minimum, [MBP] should be estopped from taking possession of the property until April 30, 2017," because the Association had paid rent through that day.
 

 ¶ 7. On October 31, the trial court issued an amended final judgment in response to this Court's decision. It ordered that judgment was entered in favor of MBP, that the ground lease was terminated, and that MBP was to be granted a writ of possession for the property. That same day, the trial court also issued an order in response to the Association's motion to stay. The court stated:
 

 The opinion and mandate of the Vermont Supreme Court make it very clear that this court has no ability to exercise any equitable discretion ... to deny [MBP] the requested writ of possession, and not to consider the lease terminated pursuant to its express terms .... This court must assume that the Vermont Supreme Court understood, and considered most, if not all of the adverse consequences of its holding on the individual camp owners. This court has no authority given the mandate in this case to exercise any further discretion on those grounds, as compelling as some of the points made might otherwise be.
 

 Nonetheless, the court determined that Vermont Rule of Civil Procedure 62(a)(3)(B) authorized it to stay the writ for up to twenty days or until the time to appeal to this Court had expired, which is thirty days under Vermont Rule of Appellate Procedure 4(a)(1). Accordingly, the court stayed enforcement of the writ for thirty days, subject to any further stays that could be granted pursuant to the Vermont Rules of Civil Procedure once the Association appealed the decision. The Association appealed.
 

 ¶ 8. While the appeal was pending, the Association filed another motion requesting that the court stay execution of the writ either until April 30, 2017 or until this Court issued a decision on its appeal. The Association filed this motion pursuant to Rule 62(d)(3), which affords the trial court discretion to stay issuance or execution of an order for possession during the pendency of an appeal "upon such terms as it considers necessary to protect the interests of any party." In its motion, the Association noted that it had prepaid rent through April 30, 2017. By order dated November 21, the trial court granted the motion and stayed execution of the writ of possession until May 1, 2017.
 

 ¶ 9. On appeal from the trial court's October 31 order partially denying its request for a stay, the Association repeats the arguments it made below. In particular, it argues that: (1) the Association should be entitled to receive the benefit of the substantial improvements it has provided or is providing to MBP by constructing seawalls, drains and erosion control, and a septic system; (2) terminating the Association's possession prior to 2036 would result in an unjust windfall; (3) the ground lease leaves open the timeframe in which the Association, or its members, must remove their residences upon termination of the lease; (4) homeowners need time to find new lots, obtain necessary permits, and move their homes; and (5) many individual homeowners will suffer substantial hardship if forced to vacate by May 1. The Association continues to argue for a stay of the issuance of a writ of possession until 2036, "or, at the very least, until a date significantly beyond April 30, 2017."
 

 ¶ 10. We agree with the trial court's conclusion that it did not have the discretion to stay the writ of possession in this case until 2036, or even for the alternate ten-year interval sought by the Association. The Association essentially seeks to use the mechanism of a statutorily authorized stay of execution pursuant to 12 V.S.A. § 4854 to make an end-run around its contractual obligations as adjudicated by this Court. In
 
 Mongeon Bay I
 
 , we held that the trial court lacked the authority to invoke the general equitable considerations relied upon by the Association in this appeal to allow the Association to possess the property through the duration of the ground lease in the face of a contracted-for forfeiture provision in the lease.
 
 2016 VT 64
 
 , ¶¶ 63-69,
 
 149 A.3d 940
 
 . Although the trial court has the authority to stay execution of the judgment of possession pursuant to 12 V.S.A. § 4854, the court's discretion does not extend to essentially undoing the parties' contract and the consequences of the Association's forfeiture under that agreement.
 

 ¶ 11. In addition, we do not agree that the ground lease is silent as to the amount of time afforded the Association, or the homeowners who act through the Association, to remove their homes upon termination of the lease. At the end of the lease term, the Association is to "quit and surrender" the property to MBP "without any building or structures thereon." The lease clearly requires that structures be removed by the time the lease ends, not at some unspecified time thereafter. Likewise, in the event of repossession pursuant to a default, the lease provides that MBP may repossess the land or any part thereof "pursuant to Vermont law"-meaning, in this case, upon issuance of a writ of possession. The notion that the contract contemplates some unspecified post-termination time for the Association, and the homeowners who act through the Association, to vacate is unsupported by the text of the contract, and makes no sense given the concerns relating to insurance, property
 taxes, and other matters that such a post-termination period-to-vacate would trigger.
 

 ¶ 12. However, to the extent that the trial court's order can be read to suggest that the court believed it had no discretion to stay execution of its judgment for possession for shorter periods-weeks or months, not years or decades-in recognition of the impracticalities of moving a home to a new lot on thirty days' notice or to otherwise facilitate an orderly transition, the court underestimated its authority. MBP is entitled to terminate the ground lease and repossess the property on account of the Association's adjudicated default. The court is not empowered to deny a writ of possession on account of the inequitable consequences of its judgment of possession. If a writ of possession is required to effectuate this order, the writ must ordinarily issue on the day of the court's judgment for possession. But this timing requirement is subject to the court's statutory authority to order a stay "for good cause." 12 V.S.A. § 4854. This statutory grant of authority is not ineffectual. See
 
 State v. Tierney
 
 ,
 
 138 Vt. 163
 
 , 165,
 
 412 A.2d 298
 
 , 299 (1980) ("In construing a statute, this Court considers it as a whole, and, if possible, gives effect to every word, clause and sentence."). The trial court had the discretion to consider the Association's more modest and defensible requests for a shorter term stay of execution to facilitate the homeowners' transition.
 

 ¶ 13. For several reasons, it is not at all clear that the Association was prejudiced by the trial court's failure to exercise its discretion in connection with the motion for stay.
 

 ¶ 14. First, after the Association appealed, and pursuant to the Vermont Rules of Civil Procedure rather than its statutory authority, the trial court subsequently did engage in a discretionary evaluation of a more modest request for stay and did stay execution of its judgment until May 1, 2017. A stay of this duration was the alternative relief the Association requested in the event that the court denied its request for either a ten-year stay or a stay until 2036.
 

 ¶ 15. Second, in its motion below, the Association relied on generalized descriptions of hardship to the homeowners and did not offer specific reasonable time frames for an orderly transition. Instead, it essentially requested a stay for as long as possible. Without more specific information and evidence about, for example, how long it takes to contract for the removal of a house, seasonal constraints on moving houses, if any, and the status of various homeowners' negotiations with their lenders as well as a realistic estimate of the time required to conclude those negotiations, the trial court had very little basis for issuing a more time-limited stay to allow for an orderly transition on the basis of the Association's filings.
 

 ¶ 16. And third, although the trial court's final judgment awarding possession to MBP did not issue until October 31, 2016, the Association was on notice that MBP was entitled to a judgment and writ of possession as of the date of our June 10, 2016 decision, or at the latest, our July 11, 2016 denial of its motion for reargument. Although the parties spent several months litigating about other matters, including the request for a stay, MBP's right to retake possession of the property was established by July 11, 2016. The stay in effect at this time will expire nine and a half months after that date-arguably ample time for the homeowners to sell their homes to MBP or remove them from the premises.
 

 ¶ 17. But we cannot make assumptions about how the trial court would have
 exercised its discretion if it had concluded that it had such discretion. Where the trial court declines to exercise its discretion in the mistaken belief that it has no discretion, the proper remedy is a remand. See, e.g.,
 
 State v. Cavett
 
 ,
 
 2015 VT 91
 
 , ¶ 19,
 
 199 Vt. 546
 
 ,
 
 126 A.3d 1287
 
 . Accordingly, we remand for the trial court to exercise discretion in connection with the Association's request for a stay pursuant to 12 V.S.A. § 4854.
 

 ¶ 18. Given the time-sensitivity of this appeal and our desire to avoid the possibility of future appeals that would further protract this process, we offer three observations about the trial court's exercise of its discretion. First, in light of the considerations noted above, it is difficult for this Court to imagine that a stay applying to any portion of the property extending more than an additional six months, if any extension of the stay is due at all, would be within the trial court's discretion. Second, if the trial court were to extend the stay beyond May 1, such extension would be supported only if accompanied by a bonding requirement or other sufficient advance security that would secure reasonable rental payments through the duration of the stay, the payment of property taxes, a requirement that the Association maintain insurance on the property, covering any losses associated with waste during the period of the stay, and any other liabilities MBP would bear as a result of the stay that the trial court identifies. Any such security must be provided before any extension of the stay beyond May 1. Third, if either party appeals the trial court's exercise of discretion within the above parameters, we find it difficult to imagine circumstances in which we would sustain an ongoing stay of execution of the judgment pending our review on appeal.
 

 ¶ 19. On remand, the question about which the trial court should exercise its discretion is whether to grant a longer stay than reflected in the October 31 order. The trial court may exercise that discretion on the basis of the parties' pleadings. It need not hold any further hearings unless it chooses to. In the meantime, pursuant to the court's order of November 21, 2016, the stay will expire and a writ of possession may issue on May 1 without further order of the court, unless the court elects to extend the stay. Further, in the event a bond satisfying the conditions outlined herein and as additionally required by the trial court is not provided by May 1, 2017, the Court shall issue a writ of possession without further hearing.
 

 The trial court's October 31 order relating to the Association's motion for stay is reversed in part, and the matter remanded for the trial court to exercise its discretion as set forth above
 
 .