Vermont Superior Court
Filed 12/09/24
Rutland Unit

VERMONT SUPERIOR COURT
Rutland Unit
83 Center St
Rutland VT  05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01080

---

**Hilarie Tolstoi d/b/a Wistol LLC v. Misti Baker**

---

## ENTRY REGARDING MOTION

Title:          Motion Verified Motion to Stay Writ of Possession and to Redeem (Motion: 13)
Filer:          Misti M. Baker
Filed Date:     December 04, 2024

This is an ejectment action brought against Misti Baker for non-payment of rent.  The court held a bench trial over two days on September 23, 2024 and September 26, 2024.  Plaintiff was represented by Attorney Samantha Snow and Defendant represented herself.  The court granted judgment to the plaintiff and findings were placed on the record.  On November 4, 2024, the court ruled on Defendant's Rule 60(b) motion affirming its decision, but amending the judgment to reflect Wisch 4 LLC as the plaintiff.  On November 19, 2024, the court approved service of the judgment order and writ of possession via alternative means.  On December 4, 2024, the Defendant filed a motion to stay the writ of possession and to redeem pursuant to 12 V.S.A. § 4773.  The Plaintiff filed their response on December 5, 2024.  Defendant's motion is DENIED.

The procedural background in this case is not in dispute.  Hilarie Tolstoi previously brought an ejectment action against the Defendant for the same tenancy in *Hilarie Tolstoi v. Misti Baker,* Docket No. 23-CV-02264, for nonpayment of rent.  Defendant was able to redeem her tenancy by paying all back rent and the action was dismissed pursuant to 12 V.S.A. § 4773.  Defendant became current on her rent in that prior action on December 18, 2023.  This current ejectment action was commenced on March 19, 2024 for nonpayment of rent.  The amended writ of possession was issued by the court clerk on November 4, 2024.  The writ was served on the Defendant on November 21, 2024 and was set to be executed on December 9, 2024 at 9:00 a.m.  Defendant seeks a stay of the writ of possession until after December 18, 2024.  Defendant argues she will be able to redeem her tenancy after that date pursuant to 12 V.S.A. § 4773 and will therefore be entitled to dismissal of this action.

The two controlling statutes in this case are 12 V.S.A. § 4854, which states, "[a] writ of possession shall issue on the date judgment is entered, unless the court for good causes orders a stay," and 12 V.S.A. § 4773, which states:

> Before a writ of possession is executed, if the defendant pays into court all rent due through the end of the current rental period, including interest and the costs of suit, the action shall be discontinued. A defendant may not defeat an ejectment action by

payment of all rent in arrears, interest, and court costs more than one time in 12 months. The 12-month period shall begin on the day the payment is made.

The Defendant argues there is good cause to stay the writ of possession because she believes she would be able to redeem this action as of December 19, 2024. This argument would require the court to determine whether § 4773 would allow a defendant to redeem a second ejectment action for nonpayment of rent when the second action commences within the 12-month period. The court declines to decide this question as even if the court accepts this interpretation of § 4773, the Defendant has not demonstrated good cause to stay the writ of possession.

The court has discretion to stay a writ of possession if the Defendant can demonstrate good cause to do so. 12 V.S.A. § 4854, *Mongeon Bay Properties, LLC v. Mallets Bay Homeowners Association, Inc.,* 2017 VT 27, ¶ 12. The term good cause is not defined, so the court must determine the meaning of good cause from the facts of the case. *Nurmi v. Vermont Employment Sec. Bd.,* 124 Vt. 42, 47 (1963). This case was commenced three months after Defendant redeemed her tenancy in 23-CV-02264. The court entered judgment for the Plaintiff on September 26, 2024. The writ of possession was stayed while the court considered Defendant's Rule 60 motion. After the court decided the Rule 60 motion, Plaintiff had to seek service of the amended judgment order and writ because personal service could not be made on Defendant with due diligence. The inference is that Defendant was avoiding service of the judgment order and writ of possession. The Defendant's argument to stay is premised on her promise she will be able to pay the court costs after December 18, 2024. Given the Defendant's history of nonpayment of rent, the court cannot rely upon an assertion by the Defendant that she would be able to pay the court costs in a timely manner. Defendant's argument that she would be able to redeem after December 18, 2024 is purely hypothetical and the court cannot find that she would be able to redeem given the facts of the case. As such, Defendant has not demonstrated good cause to stay the writ of possession.

Electronically signed on December 9, 2024 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge