Filed 05/23/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-04985

Stephanie Foster v Nicholas Deml

## DECISION ON APPEAL

This is a Rule 74 furlough violation appeal. Appellant Stephanie Foster argues that the Department of Corrections abused its discretion both in determining that her risk to reoffend could no longer be adequately controlled in the community and in failing to consider her disabilities and disorders as mitigating factors in determining the length of her interrupt. The court denies the appeal.

The record establishes that Ms. Foster was released on furlough on September 14, 2023. Among the conditions to which she agreed to allow that release were: "1. I will not be cited or charged; I will not commit any act punishable by law"; "4. l will report to my supervising officer, or designee. as required"; "SC16. I will not purchase, possess, or consume illegal drugs and/or regulated drugs without a prescription from a licensed health care professional"; "SC23. I will abide by any curfew imposed by my supervising officer"; and "SC 24A. I will participate in any necessary screening for risk-reduction (e.g. criminogenic risk) and needs-based services to the satisfaction of my supervising officer. I will also complete any recommended services, . . . To the satisfaction of my supervising officer. This includes Substance Use Treatment."

Between February 8, 2024, and September 3, 2024, Ms. Foster had multiple violations of these conditions. On each instance, she was given a graduated sanction. On October 3, 2024, she picked up the violation that underlies this appeal. Her father reported that she did not return home the night before and that she was using drugs. When her Probation Officer attempted to make contact with her at her approved residence, she was not there; local police were, to cite her for stealing from her aunt, who also lived at the residence. Her Probation Officer issued a Notice of Suspension for violating the conditions set forth above. Ms. Foster admitted these violations and waived hearing. On the basis of that admission, the Hearing Officer found her guilty of the violations.

The Case Staffing Committee affirmed the finding of violations and imposed a one-year interruption. It based this decision on a straightforward application of DOC Directive 430.11. It found

that the violation was significant and noted that Ms. Foster's risk score was high; the Directive's sanctions grid thus suggests a one-year interrupt. In the explanation of its decision, the CSC cited "e. A pattern of risk-related behavior where previous interventions have failed to mitigate the risk; or f. A pattern or history of behavior that continues after the exhaustion of lower-level technical sanctions have failed to gain offender compliance." It also determined, consistent with 28 V.S.A. § 724(d)(1), that Ms. Foster's "risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable."

Ms. Foster first argues that DOC abused its discretion in imposing an interrupt longer than 90 days. That argument is easily disposed of. The record establishes a pattern of violations, to which DOC responded with graduated sanctions. Unfortunately, those measures were not successful in inducing compliance. The court cannot quarrel with DOC's determination that further such efforts were not likely to succeed.

Ms. Foster argues next that DOC abused its discretion in imposing the full one-year interrupt called for by the sanctions grid. She notes in this regard that Directive 430.11 states that the Case Staffing Committee "may consider any . . . mitigating factors that could change the sanction selected." She notes further that the administrative record does not reflect that the Case Staffing Committee gave any consideration to mitigating factors, in part, because it did not give her the opportunity to present those factors. Of course, the answer to the latter suggestion is that when she waived hearing, Ms. Foster waived the right to present evidence of any mitigating factors. But more fundamentally, neither statute nor directive requires DOC to show whether or how it considered mitigating factors. Rather, it is Ms. Foster's burden, on a de novo review of the record (supplemented, as here, by her testimony), to demonstrate that the length of the interruption was excessive.

The statute thus contemplates an interesting exercise in mental gymnastics: the court is required to determine, assuming the Cases Staffing Committee had known not only what is in the record but whatever other evidence the furloughee presents to supplement the record, would it have been an abuse of discretion to impose the interrupt it did? This does not allow the court to substitute its judgment for DOC's; the legislature's choice of an abuse of discretion standard makes that clear. The court recognizes an oddly oxymoronic tension in the notion of de novo review for abuse of discretion. Nevertheless, if the court is to meet its obligation to give all words in a statute meaning, *see State v. Tierney*, 138 Vt. 163, 165 (1980) ("In construing a statute, this Court considers it as a whole, and, if possible, gives effect to every word, clause, and sentence."), this can be the only interpretation of § 724(c)(1).

In addition to the information contained in the administrative record, Ms. Foster presented evidence that would certainly qualify as "mitigating factors" as set forth in Directive 430.11. Subsection D.3.c. includes as "mitigating factors" "Circumstances in which behavior is predominantly motivated by substance use, and there was no significant impact on public safety" and "Circumstances in which the individual had diminished cognitive capacity (e.g., disability, dementia, developmentally young)." The administrative record alone supports an inference of the former, while Ms. Foster's testimony established that she suffers from a substance abuse disorder, attention deficit disorder, intellectual disability, and depression. Even taking these factors into consideration, however, the court cannot say that it would be an abuse of discretion to decline to reduce the length of interrupt suggested by the sanctions grid. The court notes in this regard that the record reflects that Ms. Foster was offered counseling for her mental health and substance abuse issues, and failed fully to engage; she was also referred to a treatment program for substance abuse, and again, failed fully to engage. The court notes further that there is no persuasive evidence that Ms. Foster's intellectual challenges and mental health issues played any role in her pattern of violations. Thus, even taking into consideration Ms. Foster's evidence, the court is unable to criticize DOC's reliance on its own policy.

## ORDER

The appeal is denied. The court affirms DOC's determination to impose a one-year interruption of eligibility for furlough.


Electronically signed pursuant to V.R.E.F. 9(d): 5/23/2025 1:44 PM

Samuel Hoar, Jr.
Superior Court Judge