**VERMONT SUPERIOR COURT**
Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-00744

---

**Melissa St. Pierre et al v. Roberta Morin**

---

## ENTRY REGARDING MOTION

Title:  Motion to Stay Judgment for Possession Pending Appeal (Motion: 3)
Filer:  Brian Creech
Filed Date:  November 12, 2025

Defendant Roberta Morin filed a motion seeking a stay of the Court's judgment in this case. Plaintiff Melissa St. Pierre opposes that request both on the merits and because she has not yet sought the issuance of a writ of possession. The Court grants the motion in part and denies it in part.

<u>Legal Analysis</u>

The default rule in Vermont is that civil cases are stayed pending an appeal. Vermont Rule of Civil Procedure 62(d)(1). For orders that involve the possession of real property, that default rule does not apply and there is no automatic stay. "When an appeal is taken from a final judgment granting possession of real estate or a chattel, if an order for possession has not been executed, the court in its discretion may stay issuance or execution of any such order during the pendency of the appeal upon such terms as it considers necessary to protect the interests of any party." V.R.C.P. 62(d)(3). In exercising this discretion, courts generally consider the following factors:

> (1) whether the appellant has made a strong showing that it is likely to prevail on the merits of the appeal;
> (2) whether the appellant has shown that without such relief it will be irreparably injured;
> (3) whether issuance of the stay would harm or substantially harm other parties interested in the proceedings; and
> (4) whether the public interest would be served by granting a stay.

2A Fed. Proc., L. Ed. § 3:648; *Nken v. Holder*, 556 U.S. 418, 434 (2009) (same). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. "The first two factors of the traditional standard are the most critical." *Id.* at 434. "Importantly, '. . . the movant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities *weighs heavily* in favor of granting the stay." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (internal quotations omitted, emphasis in original). Other courts focus on the first two factors, and will not consider the latter two unless the movant establishes that the first two

favor her.  2A Fed. Proc., L. Ed. § 3:648 ("The first two factors under the standard are the most critical, and the last two are reached only once an applicant satisfies the first two factors.") (internal footnotes omitted).

The parties spent much of their briefing on the first factor – whether Ms. Morin is likely to prevail on appeal.  The Vermont Supreme Court will review the Court's decision de novo because it was decided as a matter of law.  However, the Court does not find that Ms. Morin has made a strong showing she will prevail on the merits of the appeal.  If the Court thought she had, it would take this opportunity to reconsider its decision.  The Court found that there was only one reading of the 2016 Deed that allowed the document to be read as a whole, giving effect to every part so that the deed had one consistent meaning.  Though poorly written, the deed is not ambiguous as a matter of law, and Ms. Morin's interpretation defeats much of the language included in the deed.

The Court will, however, assume without deciding that Ms. Morin has presented a "substantial case on the merits" and that this is a serious question because it is one of first impression in Vermont.  It is now her burden to show that the balance of the equities weigh "heavily" in favor of granting the stay.

Next, Ms. Morin has certainly shown that she will experience injury if she is required to leave the property within fourteen days.  "[L]osing one's housing – whether temporary or permanent – meets the standard for irreparable harm." *Groundworks Collaborative, Inc. v. Vermont Agency of Human Services*, No. 24-CV-00999, 2024 WL 1344378, at *2 (Vt.Super. Mar. 22, 2024) (Toor, J.).  Although her initial motion lacked the details necessary to establish this factor, the supplemental affidavit establishes that 82-year-old Ms. Morin has physical limitations and no immediate prospects for replacement housing.  Losing her housing within fourteen days will cause Ms. Morin to be homeless, which is certainly an irreparable harm.  As an elderly person, Ms. Morin encounters challenges in finding suitable replacement housing.  The Court finds that this factor favors Ms. Morin.

Under the third factor, the Court finds that the issuance of the stay would harm Ms. St. Pierre and her children.  Ms. Pierre and her children have experienced a significant amount of trauma and upheaval in the recent past.  There was abuse in the family home, the family navigated a divorce, then Ms. St. Pierre's husband and the children's father died suddenly, and then Ms. St. Pierre's father died.  The family has moved at least twice since fleeing the marital home.  Denying this family the stability they seek in the form of a family home suited to their needs will harm them.  This factor favors Ms. St. Pierre.

The fourth factor is neutral in that there are public interests implicated in this case on both sides.  There is a public interest in ensuring stable housing for seniors and for families with children.

In analyzing the factors together, the Court makes a distinction between a stay of the issuance of a writ of possession in this case versus a short term stay.  Ms. Morin asks for a stay pending a decision on appeal, which is an indefinite period of time that could exceed a year.  The Court finds that Ms. Morin has not met her burden under the factors above to justify a stay of this

length because as time goes on, the irreparable harm to Ms. Morin decreases as she has more opportunities to look for housing and is able to access more housing resources. Conversely, the harm to Ms. St. Pierre and her family is not as significant over the short term, but the longer the stay continues, the more harm her family will experience.

This Court has significant discretion in issuing a stay pending appeal. *Mongeon Bay Props., LLC v. Malletts Bay Homeowner's Ass'n, Inc.*, 2017 VT 27, ¶ 12, 204 Vt. 351, 356, 168 A.3d 463, 467 (2017) ("However, to the extent that the trial court's order can be read to suggest that the court believed it had no discretion to stay execution of its judgment for possession for shorter periods—weeks or months, not years or decades—in recognition of the impracticalities of moving a home to a new lot on thirty days' notice or to otherwise facilitate an orderly transition, the court underestimated its authority.").

This Court finds that Ms. Morin has met her burden to justify a short stay of a defined period of time, and exercises its discretion in this case to allow for an orderly transition. This will allow Ms. Morin time to find suitable replacement housing and to pack her items. It will also allow Ms. St. Pierre and her family to move into the property at issue within a reasonable amount of time. The Court is also mindful that since its judgment, Ms. Morin is occupying the property without paying rent, and the property is incurring costs like taxes. The Court will stay this case for four months from the issuance of this order to allow Ms. Morin to find suitable housing. The condition of that stay are that Ms. Morin must continue to pay the costs of "insurance, water, lights, heat, trash, snow removal, groundkeeping" for the property "and keeps the property maintained, neat and clean." 2016 Deed, Exhibit 2 to Mot. for J. on the Pleadings. Ms. Morin must also pay any property taxes that are due while the stay is pending. If she does not, then Ms. St. Pierre will be entitled to a fourteen-day writ of possession. If she doe

Finally, the Court notes that it has not yet issued a writ of possession and Ms. St. Pierre has not requested one. Although Ms. St. Pierre noted this in her opposition and asserted the motion to stay may be premature, the filing also makes clear that she intends to seek possession imminently. As a result, the Court declines to deny the motion to stay as premature since the parties have fully briefed it.

## ORDER

The motion to stay this matter is granted in part and denied in part on the terms laid out above. Ms. St. Pierre may request a 14-day writ of possession in 90 days that may not be executed until 120 days from today's date. If Ms. Morin violates the terms of the stay, Ms. St. Pierre may seek an immediate writ of possession.

Dated this 22nd day of December, 2025.

_____
Navah C. Spero
Superior Court Judge