Filed 04/17/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03694

| Bapa Keshav Jay, LLC D/B/A New World Inn v. Lauren Ham |
|---|

## ENTRY REGARDING MOTION

**Title:** Motion to Stay; Motion to Compel ; ADA compliance (Motion: 10; 11)
**Filer:** Lauren Ham; Lauren Ham
**Filed Date:** April 15, 2026; April 15, 2026

The motion is DENIED.

Defendant Lauren Ham filed a number of documents with this Court on April 15, 2026. Four of the motions were titled: "URGENT: Formal Grievance and Motion to Compel ADA Compliance"; "Extreme Duress and Impossibility of Two-Week Move-Out"; "Notice of Record-Preservation Requirement, Public Health Emergency, and Pending Supreme Court Appeal & Emergency Stay Request State of Vermont"; and "Urgent Motion for Emergency Stay of Execution of the Writ of Possession." All of these documents appear to be primarily addressed to the Vermont Supreme Court in furtherance of Defendant's appeal. Several of them address a request for a stay of this Court's judgment and Writ of Possession.

As the Court has previously noted, a writ of possession is not automatically stayed by the filing of an appeal. V.R.C.P. 62(d)(3). In such cases, the Vermont Supreme Court requires a party seeking a stay for the purpose of taking an appeal to first file their motion with the Superior Court. V.R.A.P. 8(a)(1)(A). In the case of an ejectment action, like the present one, the Vermont Supreme Court has instructed the trial court to consider an application for a stay of a writ of possession under 12 V.S.A. § 4854, which permits the trial court to exercise its discretion and to stay a writ of possession if the trial court finds "good cause" and under the conditions that it finds reasonable. See *Mongeon Bay Properties, LLC v. Malletts Bay Homeowner's Association, Inc.*, 2017 VT 27, ¶ 12.

On April 10, 2026, this Court denied Defendant's request for a stay in the context of her motions to reconsider and re-open. Defendant has now filed documents indicating that she intends to appeal this Court's judgment and determination in favor of Plaintiff. That is her right and prerogative, and the Court directs court staff to ensure that the Vermont Supreme Court staff has received copies of Defendant's April 15th filings and intent to appeal consistent with Rule 4(a)(5) of the Rules of Appellate Procedure. See also V.R.A.P. 3(b)(1)(A).

Given the requirements of Rule 8(a) of the Rules of Appellate Procedure and the fact that Defendant has filed the motion to stay, at least in part with the Superior Court, this Court is compelled to rule on Defendant's motion to provide the initial review required and to examine whether there is "good cause" under standards of Rule 62(d)(3) of the Rules of Civil Procedure and 12 V.S.A. § 4854.

To that end, this Court has reviewed Defendant's filings and requests for a stay. The Court does not find good cause in Defendant's filings to grant or extend any stay. As the Court has noted in its prior decisions, it gave Defendant multiple opportunities to make her case before this Court, and this Court has sought to provide reasonable accommodations to Defendant at each hearing as they were requested and reviewed by the Court. Defendant's most recent filings repeat many of the prior arguments that the Court has considered and found insufficient. Defendant's arguments on accommodation also largely repeat her prior requests, which the Court has examined and either previously granted, or found to be beyond this Court's control, or determined to be inconsistent with the Court's inherent obligations read in light of both state and federal public accommodation law.

Finally, the Court will continue the observation from its prior order that Defendant's arguments do not address the primary issue of the present matter, which is that she has occupied the dwelling unit at 278 South Main Street, Room 103, since at least October 2024 without paying any rent. Plaintiff has primarily sought to recover possession of this dwelling unit, and Defendant's position has been to seek to prolong her occupancy, and she has made no offer of rent or similar compensation as a part of any continuation of her tenancy.

Given these factors, the Court in its discretion, finds no good cause to support a stay for purposes of the present appeal. It does not find merit in Defendant's position, and it finds that a stay would imbalance the equities by requiring Plaintiff to continue to subsidize Defendant's housing well beyond any prior compensation or promise to provide such space. Pursuant to 12 V.S.A. § 4854 and V.R.C.P. 62(d)(3), the Court determines that a stay is not appropriate. The motion for a Stay pending appeal is **Denied.**

With this ruling, the Court understands Defendant to have met her obligation under V.R.A.P. 8(a)(1)(A) to address this motion first to the trial court, and the Court Clerk will forward this denial along with Defendant's documents to the Vermont Supreme Court where Defendant may continue her filings.

**So Ordered.**

Electronically signed on 4/17/2026 2:06 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge